DOROTHY AMERLING, Plaintiff, *v.* CHARLES A. AMERLING, Defendant.

Supreme Court, Special Term, Kings County, May 3, 1943.

*Rubin Bacine* for plaintiff.

*Otto A. Samuels* for defendant.

COLDEN, J. This is an action for a separation. At the trial the plaintiff established by a preponderance of the credible evidence sufficient of the allegations of the complaint as to the acts of the defendant to entitle her to a judgment in her favor with permanent alimony if it were not for the serious question as to her marital status. The plaintiff was previously married, but was divorced from her first husband in 1937. By that marriage she had one child, a son. The defendant was also previously married. Plaintiff and defendant started to live together as man and wife and continued to live as such for several years up

to 1942. They were known to their friends and acquaintances as such, maintained a home together, went on vacations together, and were accepted in the social circles in which they moved, as man and wife. The plaintiff knew that the defendant was married to another woman when she and he started living together. After the commencement of this relationship there were frequent discussions between plaintiff and defendant relative to the obtaining of a divorce by the defendant from his first wife, with the result that a Mexican " mail order " divorce was secured. There was no pretense of actual jurisdiction of the defendant and his wife by the courts of Mexico and the divorce is absolutely void. Shortly thereafter on March 27, 1938, the plaintiff and defendant went through a marriage ceremony in Stamford, Connecticut.

Plaintiff contends under numerous decisions of our courts, however, notwithstanding the fact that the Mexican divorce is void, that the defendant is estopped from questioning the validity of the divorce which he obtained in Mexico, and that he is likewise estopped from attempting to attack his marital-status liability arising out of the marriage in Connecticut. Plaintiff cites, among others, the case of *Krause* v. *Krause* (282 N. Y. 355). In that case, as in the present case, the husband had obtained an invalid divorce from his first wife. He then married and was subsequently sued by his second " wife " for a separation. In that action he set up the invalidity of the divorce as a defense, thereby contending that his second marriage was invalid because of his legal incapacity to contract a second valid marriage inasmuch as he had not been lawfully divorced from his first wife. The court acquiesced in his contention that his divorce was invalid and that he was still the lawful husband of his first wife. Nevertheless, the court said: " We come, then, to a consideration of the principle applicable in the case at bar. We cannot lose sight of the fact that the present defendant was himself the party who had obtained the decree of divorce which he now asserts to be invalid and repudiates in order that he may now disown any legal obligation to support the plaintiff, whom he purported to marry. To refuse to permit this defendant to escape his obligation to support plaintiff does not mean that the courts of this State recognize as valid a judgment of divorce which necessarily is assumed to be invalid in the case at bar, but only that it is not open to defendant in these proceedings to avoid the responsibility which he voluntarily incurred.

" It is conceded that the estoppel which is invoked against the present defendant is not a true estoppel as that term is ordinarily understood, although the effect is the same in the case at bar."

There is a distinction to be observed between the cited case, *Krause* v. *Krause* (282 N. Y. 355, *supra*), and the case at bar. In the present case both the plaintiff and defendant planned to have the defendant obtain the invalid Mexican divorce, so as to continue their relationship under apparent legality. Both of them knew that the purported marriage in Connecticut was a nullity. Reduced to simplest terms, the original relationship of the parties was illegal and, no matter what sacrifices the plaintiff may have made for the defendant, she was not in a position to institute an action for a separation and maintenance at any time during the continuance of such illegal relationship. Nor could that illegal relationship be converted by an illegal Mexican divorce, acquiesced in and urged by plaintiff, followed by an illegal and void Connecticut marriage, into a status upon which the plaintiff may successfully predicate an action for a separation and maintenance. The plaintiff is estopped, by her own urging of the obtaining of the illegal Mexican divorce, and her knowledge that the Connecticut marriage was illegal, from maintaining an action on the void Connecticut marriage. Her complaint must be dismissed. Her motion to strike out the separate defense of the defendant is denied with appropriate exception. Settle findings and judgment on notice.