Samuel J. Silverman, S.
Motions and cross motions in the nature of summary judgment in proceedings to determine the validity of notices of election to take against the will pursuant to EPTL 5-1.1 filed by Estelle Werger (hereinafter “ Wife No. 2 ”) and Belle Douek (hereinafter “ Wife No. 3 ”).
A. Belle Douek (Wife No. 3):
Mrs. Douek claimed to be the decedent’s widow by reason of a common-law marriage alleged to have taken place in Florida not earlier than February, 1968.
In 1967 Florida enacted that: “No common law marriage entered into after January 1, 1968, shall be valid” (with an exception not here relevant). (Fla. Stat., § 741.211.)
Accordingly, Mrs. Douek’s claim of common-law marriage fails. No ceremonial marriage is claimed. She defaulted on this motion and inquiry of her attorney indicates that the default was not inadvertent. The motions of the executor and Estelle Werger to strike out Belle Douek’s notice of election are granted.
B. Estelle Werger (Wife No. 2):
Previous motions with respect to Estelle Werger’s notice of election were denied by me without prejudice to renewal after Mrs. Douek’s claims were finally disposed of. (Matter of Werger, N. Y. L. J., May 5, 1970, p. 18, col. 2.) The motions are now renewed.
Before 1958, decedent husband was legally married to Edythe Werger (hereinafter “Wife No. 1 ”). In 1958, decedent husband obtained a divorce in Mexico from Wife No. 1. Wife *1096 No. 1 neither appeared nor was represented nor consented to the Mexican decree, and it is concededly void. Eleven days later, decedent husband married Wife No. 2.
In 1963, Wife No. 2 sued decedent husband in the New York State Supreme Court for a judgment of separation and in 1964 a judgment of separation was awarded in her favor. In the separation action, the husband interposed the defense that the Mexican divorce decree from Wife No. 1 was void and that therefore he was not legally married to Wife No. 2. The Supreme Court, in its findings and conclusions, stated that the Mexican divorce was void; that at the time of the marriage between decedent husband and Wife No. 2 he was legally married to Wife No. 1 and that the marriage to Wife No. 1 was in full force and effect; and that the marriage between decedent husband and Wife No. 2 was void from its inception. But the Supreme Court further stated in its conclusions of law that “ the defendant [husband] is estopped from raising any questions as to the validity of the divorce he himself obtained from his former wife [Wife No. 1] ”, and accordingly the court dismissed the defense as to the invalidity of the divorce and remarriage, and granted a judgment of separation in favor of Wife No. 2 together with alimony. It is on the basis of this judgment of the New York State Supreme Court that Wife No. 2 makes her present motion for summary judgment.
In my previous opinion (Matter of Werger, N. Y. L. J., May 5, 1970, p. 18, col. 2) I held that this judgment of separation, based as it was on findings which included a finding that the marriage between decedent and Wife No. 2 was void from its inception, did not constitute an adjudication that the ceremonial marriage to Wife No. 2 was valid. I adhere to that view. I stated however: “ But the rejection of this argument or this formulation does not conclude the matter. Although the Supreme Court held and stated that the marriage was void, it arrived at the same result as if the marriage had not been void, for it held that the husband was estopped to contest the validity of the Mexican decree and through it, of course, the validity of his marriage; and it awarded to Wife No. 2 all the rights that it could have awarded to her if the marriage had been valid, i.e., a judgment of separation and support.
“ 2. Upon well known principles of res judicata the final judgment binds not only the parties thereto but also those in privity with them. Movant argues that the adjudication in the separation judgment that decedent was estopped binds the executor and the grandchildren and that they are equally estopped.”
*1097 It is that question that I left open until Mrs. Douek’s claim of common-law marriage was disposed of and that I must now decide.
1. By granting the judgment of separation, the Supreme Court held that whatever might be the result as against third parties whose rights might not be subordinate to or derivative from the husband, as against the husband, Wife No. 2 was entitled to the same rights as if she were his lawful wife.
The 'Supreme Court judgment said nothing about inheritance rights. But if the husband is estopped to question the validity of the Mexican decree it would seem to follow that Wife No. 2 is entitled to the same economic protection and rights, including rights of inheritance, as if the divorce were valid. Under the doctrine of Schuylkill Fuel Corp. v. Nieberg Realty Corp. (250 N. Y. 304) an issue once litigated and determined in one litigation 'binds the parties in all subsequent litigations. In the separation action there was litigated and determined the issue of estoppel and of Wife No. 2’s right to the economic benefits of marriage, and the court decided that the husband was estopped to question the validity of the Mexican decree, and that Wife No. 2 is entitled to the same economic benefits which she would be entitled to .receive if she were validly married to the husband. It would seem to follow that in any subsequent litigation the husband would be bound as to those issues by the separation judgment.
2. In the present case, of course, it is the decedent’s executor and his grandchildren who are sought to be bound by this judgment, and the critical question is whether they should be.
On principle, it seems to me that they should be bound. A judgment of a court of competent jurisdiction ‘ ‘ prevents the parties to an action, and those in privity with them, from subsequently relitigating any questions that were necessarily decided therein” (italics mine). (Matter of Shea, 309 N. Y. 605, 616; Weidlich v. Richards, 276 App. Div. 383, 385.) “ 1 Privity ’ is usually defined as ‘ mutual or successive relationships to the same rights of property. ’ ” (Matter of Shea, supra, p. 617.)
It seems to me clear that the executor and the grandchildren of the decedent are in privity with the decedent as to rights with respect to the decedent’s property. As to such property, the executors and the grandchildren would surely be precluded by any judgment for a sum of money that might have been obtained against the decedent in his lifetime, or by any judgment to which he was a party adjudicating rights to his prop *1098 erty, or by any conventional equity judgment. Indeed, even without judgment, the rights of the executor and the grandchildren would be subject to any obligation incurred by the decedent, whether in contract or tort or by way of encumbrance or interest in decedent’s property created either by any act of the decedent in his lifetime or by operation of law during decedent’s lifetime.
In the leading case establishing the doctrine of estoppel by a party who himself obtains an invalid out-of-'State divorce to attack the validity of that divorce, the court stated as its rationale that “ it is not open to defendant in these proceedings to avoid the responsibility which he voluntarily incurred.” (Krause v. Krause, 282 N. Y. 355, 360.) And at least with respect to interests in that husband’s estate, it is difficult to see why his property and the interests of the objects of his bounty in that property should be permitted to avoid the responsibility which he voluntarily incurred. The executor’s and grandchildren’s rights are wholly derivative from and subordinate to the decedent’s rights. He could after all, at his sheer whim, have deprived them of any interest in the property.
In the present case, the Supreme Court has held that the decedent by his conduct — participation as plaintiff in an invalid Mexican divorce proceeding and subsequent marriage to movant Wife No. 2 — has subjected himself and his property to the same obligations to Wife No. 2 as if she were legally married to him. At least as to rights in decedent’s property, as to which the executor and the grandchildren have no rights superior to or independent of the decedent that judgment would seem to bind them.
3. Unfortunately the state of the law of New York, as reflected in the authorities, is not clear to me. Many of the cases have involved a judgment of a sister State, with concomitant questions under the full faith and credit clause. In these cases, the question has usually turned on what effect does the judgment have in the rendering State. (See e.g., Johnson v. Muelberger, 340 U. S. 581, revg. Matter of Johnson, 301 N. Y. 13.) And whatever the New York court’s analysis as to what the law of the sister State was as to the effect of the judgments of the courts of the sister State is not very illuminating as to what the law of New York is as to the effect of the judgments of its own courts. We are here concerned with what effect New York will give to a judgment of the New York Supreme Court, and to what extent that judgment under New *1099 York law binds the executors and distributees of a party. We are concerned not with the more usual type of a judgment for a sum of money only or some other conventional judgment, but a judgment determining that a party is estopped to question the validity of a concededly invalid divorce.
Since the Johnson v. Muelberger case (supra) the Court of Appeals has several times stated the rule to be that where both parties to an out-of-State divorce appeared in those proceedings, a stranger to the decree may collaterally attack it in our courts only where it is clear that the rendering State permits such an attack. (Weisner v. Weisner, 17 N Y 2d 799, 802; Magowan v. Magowan, 19 N Y 2d 296, 299.) I think it likely that the Court of Appeals would be equally cautious about permitting an attack on a matrimonial judgment of the New York courts such as the separation judgment here involved.
Certain cases before the Johnson case and before Matter of Lindgren (293 N. Y. 18 [1944]) seem to support the view that the executor and the grandchildren are bound. (See, e.g., Hynes v. Title Guar. & Trust Co., 273 N. Y. 612 [1937]; Matter of Morrison, 52 Hun 102, affd. 117 N. Y. 638 [1889]. See, also, Matter of Blum, 185 Misc. 43 [Surrogate’s Ct., Erie County, 1945].)
On the other hand, in Matter of Lindgren (293 N. Y. 18), the Court of Appeals refused to apply the doctrine of estoppel against a child even though it would have applied against the parent. In that case, the decedent and his first wife were divorced in Florida, the wife later appearing in the Florida action and consenting to jurisdiction. The first wife then remarried. After decedent’s death, the first wife in her capacity as guardian of the daughter of her marriage with decedent brought a proceeding to have letters of administration issued to her in her capacity as guardian and to have a determination that the daughter was the sole distributee of the estate. She contended that the Florida divorce was invalid on the ground that neither party was a domiciliary of Florida. The Court of Appeals agreed that the decree was invalid and affirmed the decree in favor of the first wife in her capacity as guardian of the infant (as against the second wife). It was apparently conceded that the first wife in her individual capacity could not challenge the validity of the Florida decree. The court held, however, that this disability did not apply to the child of the marriage. The court talked as if all that was involved was the right to letters of administration rather than the right to participate in the property of the estate. The court said {supra, pp. 22-23) : “ The rights which are asserted in this proceeding are not property *1100 rights to which either parent has claimed to be entitled. There is no claim that the estate will derive special benefit or suffer special disadvantage in the appointment of either of the two present claimants to letters of administration. It may well be that the decedent or his personal representative acting in his behalf could not question the Florida decree. (Hynes v. Title Guarantee & Trust Co., 273 N. Y. 612.) In this proceeding, however, it is neither a right of the decedent nor of his estate which is the subject of inquiry. * * * a choice must be made between the right, under section 118 of the Surrogate’s Court Act, of the petitioner, as guardian of the decedent’s only child, to administer his estate and the right, under the same statute, of the appellant who claims to be his widow. In each instance we are dealing with matters personal to the claimant; not to the decedent or his estate. As to the child they are independent rights to which she claims to be legally entitled as the sole distributee of her father’s estate.” Whether this decision be right or wrong, apparently it was intended to be limited to the right to administer the estate rather than property rights such as the right of inheritance or the right of election. (I must say that in the later Johnson case the court disregarded this distinction and applied the Lindgren doctrine to a right of election case.)
Later cases have interpreted the Lindgren case as indicating a different rule as to the child’s estoppel when rights of inheritance are involved than when merely the right to letters of administration is involved and that in the former case, the decedent’s child may be estopped if the decedent was estopped. (See Urquhart v. Urquhart, 272 App. Div. 60, 63, affd. 297 N. Y. 689. Matter of Blum, 185 Misc. 43, 47 [Surrogate’s Ct., Erie County, 1945].)
In the confused state of the authorities, I think that on principle for the reasons stated in “ 2 ” above, the executor and the grandchildren are bound by the estoppel against the decedent contained in the separation judgment.
4. I should add that after the invalid ceremonial marriage between decedent and Wife No. 2, there was an apparently valid Mexican divorce between decedent and Wife No. 1, so that we have no question now of possibly two legal wives each claiming a full right of election.
The motion of Estelle Werger for partial summary judgment is granted to the extent of decreeing that said Estelle Werger is the surviving spouse of decedent and that her notice of election originally filed is valid. The executor’s motion to strike and dismiss Estelle Werger’s notice of election is denied.