Nanette Dembitz, J.
This is a proceeding under section 412 of the Family Court Act by a wife for support by her husband. The issue is whether respondent husband can deny any obligation of support on the basis of the invalidity of the divorce he procured from his previous wife (wife No. 1) and the consequent invalidity of his marriage to petitioner (wife No. 2).
Respondent, a Yugoslavian, was married in Yugoslavia in 1931 to wife No. 1. He came to New York in 1939, and immigration officers found him here in 1951 in cohabitation with petitioner. While respondent’s precise immigration status at that time is unclear, it appears that he was threatened with deportation, either on grounds of immorality or bigamy, unless he procured a divorce from wife No. 1. He thereupon obtained a divorce in Arkansas, on the basis of flagrant misrepresentations as to his residence, occupation, etc., and without the appearance or consent of wife No. 1.
Respondent married petitioner in New York on July 19, 1955, and lived with her until he disappeared in June, 1966. She then began to receive, and still receives, public assistance. In October, 1966, upon her petition for support by respondent and upon application of the Commissioner of Welfare, an order sequestering respondent’s pension from the International Longshoremen’s Association of $125 per month was issued by this court under section 429 of the Family Court Act. Respondent, first appearing in this court in April, 1971, contends that this sequestration order should be vacated because of the invalidity of his marriage to petitioner.
The doctrine is well established that a man procuring an invalid divorce is estopped from asserting its invalidity as a ground for avoiding the duty of support arising from a subsequent marriage. (Zeitlan v. Zeitlan, 26 N Y 2d 835, affg. 31 A D 2d 955; Krause v. Krause, 282 N. Y. 355, 359-360; Packer v. Packer, 6 A D 2d 464, 467-468.)
Respondent contends that this principle should not apply because petitioner knew of respondent’s motivation and misrepresentations in regard to his divorce. An equitable doctrine might be .suggested, it is true, that would bar a second wife’s *342 claim to support under such circumstances on the grounds of her “unclean hands.” and participation in a fraud in respect to her marriage. However, the law of New York, developing instead on a “ quasi-estoppel ” basis (Caldwell v. Caldwell, 298 N. Y. 146, 149), rests on the principle that “ a person who invokes the jurisdiction of a court will not he heard to repudiate the judgment which that court entered upon his seeking and in his favor.” (Krause v. Krause, 282 N. Y. 355, 357, supra.)
New York decisions are so far to the contrary of respondent’s contention that support was granted wife No. 2 in Zeitlan (26 N Y 2d 835, 836, supra) despite findings that she was an attorney, had gone to Mexico with defendant when he obtained an invalid divorce from wife No. 1, and had been advised by an attorney before her marriage to defendant that his divorce from wife No. 1 was invalid. (And, see, Johnson v. Johnson, 295 N. Y. 477, as to the reach of the principle that a duty of support arises from an invalid marriage.) At most a husband can rely on the invalidity of his divorce from wife No. 1 and on such factors as wife No. 2’s knowledge, to defeat an action for separation by wife No. 2. (See Querze v. Querze, 290 N. Y. 13, 17; Krause v. Krause dissent, 282 N. Y. 355, 364, supra; cf. Zeitlan v. Zeitlan, 31 A D 2d 955, 957; Amerling v. Amerling, 180 Misc. 701, app. dsmd. 270 App. Div. 935; Matter of Werger, 64 Misc 2d 1094, 1096.) The instant Family Court proceeding however, is not a status action, hut merely involves the economic obligation incident to marriage.
There are only very limited exceptions to the doctrine of the husband’s quasi-estoppel and his duty of support despite the invalidity of the marriage. Such an estoppel and such a duty are not enforced in the event of an invalid foreign divorce as distinguished from a divorce of a sister State. (Fishberg v. Fishberg, 16 A D 2d 629, 630; see Caldwell v. Caldwell, 298 N. Y. 146, 150-151, supra; Heine v. Heine, 10 A D 2d 864; Marum v. Marum, 8 A D 2d 975.) Nor is the husband estopped to essert the invalidity of his marriage if his wife herself took affirmative action on the basis of such invalidity, as by her own remarriage. (See Packer v. Packer, 6 A D 2d 464, 466, supra.) And possibly in cases of extreme inequity the courts might refuse to honor the doctrine of estoppel of the husband and enforcement of his duty of support. (Cf. Presbrey v. Presbrey, 6 A D 2d 477, 488; Amerling v. Amerling, 180 Misc. 701, 703, supra.) There is no such element here, however, or any special reason to permit .respondent ‘‘ to avoid the obligation which he has purported to undertake to support ’ ’ petitioner (Krause v. Krause, 282 N. Y. 355, 360, supra).
*343 The doctrines as to when a duty of support arises despite the invalidity of the marriage, are undoubtedly applicable in Family Court support proceedings. (Matter of Carter v. Carter, 19 A D 2d 513; Fishberg v. Fishberg, 16 A D 2d 629, supra; Matter of Case v. Case, 54 Misc 2d 20.)
Respondent’s attorney introduced into evidence a purported decree of divorce obtained by respondent against petitioner (wife No. 2) in Yugoslavia in 1968. While respondent concedes this divorce is invalid under New York law, he argues that it is unfair to recognize the invalidity of this divorce from wife No. 2 and at the same time refuse to give weight in this proceeding to the invalidity of his divorce from wife No. 1. There is, of course, no inconsistency in this result since this court is not treating the first divorce as valid, but merely estopping respondent who procured it from benefiting from it. (See Packer v. Packer, 6 A D 2d 464, 468, supra.)
The motion of respondent to vacate the sequestration order and to dismiss the petition for support is denied.