FLORENCE I. HOWARD, as Administratrix of the Estate of JAMES A. HOWARD, Deceased, Respondent, *v.* CITY OF NEW YORK, Defendant, and THOMAS HICKEY et al., Appellants.

Second Department, December 20, 1971.

*Coppola & Lawless* (*William F. Larkin* of counsel), for James Cassese, appellant.

*Patrick J. Hughes* for Thomas Hickey, appellant.

*Julius Itzkowitz* for respondent.

GULOTTA, J. These appeals bring up for review the correctness of two decisions which, upon reargument, disallowed the pleading of a defense of *res judicata* by two of the defendants —

Cassese, the owner of one of the automobiles involved in the accident upon which this action is based, and Hickey, the thief who was driving Cassese's car and who appears in the action by the Motor Vehicle Accident Indemnification Corporation. The question involved is the application of the rule of collateral estoppel, as recently amplified and extended in *Schwartz* v. *Public Administrator* (24 N Y 2d 65 [1969]).

The plaintiff in the present action is the administratrix of James Howard, who was the driver of a car owned by Moyer & Sons when it was involved in an intersection collision on April 4, 1965 with the Cassese vehicle, in which accident Howard lost his life. Two passengers in the Moyer automobile, Ralph and Peter Principe, were injured and sued both owners and drivers in a second action. (Howard's estate was named as a defendant and served with process.)

Although started six months after the present action, the Principe action came to trial first in a split trial on the issue of liability and resulted in a jury verdict against Moyer and Howard's estate only, exonerating both Hickey and Cassese of any negligence. The defendant City of New York was not a party to the Principe action. Since Cassese concededly was not responsible for the actions of Hickey, the thief, the negligence charged to him was in leaving his vehicle not properly attended, in violation of subdivision (a) of section 1210 of the Vehicle and Traffic Law. However, it appears that this issue, in the final phase of the trial, was withdrawn from the jury.

As annunciated in *Schwartz* (*supra*), the rule of collateral estoppel now requires an identity of an issue which has necessarily been decided in the prior action and is decisive of the present action and, secondly, a showing that there had been a full and fair opportunity to contest the decision now said to be controlling. Gone are any requirements for identity of parties, mutuality of estoppel or the like.

We have the basic requirement in this case. The administratrix was represented in the Principe trial by the attorneys for the insurance carrier for Moyer, as she had a right to be, since her husband was covered by the Moyer policy. As was pointed out in the first of the four opinions written by the Special Term, she was vigorously and diligently defended, since there was no division of loyalties and no motive to do otherwise. She did not physically attend the trial or have her attorney in the present action attend, which was of course her prerogative, but she did not thereby enlarge her rights so that she could thereafter take advantage of a favorable decision or disavow an unfavorable

one. In short, she is in no better position now than her husband would have been had he survived the accident; and certainly he would have been bound by the verdict.

We have not overlooked the " caveat " set forth in *Schwartz* (*supra*) to the effect that this doctrine is not to be rigidly and unmindfully applied to all cases which technically meet the test. For instance, in our present case, had the verdict in the Principe action gone against Moyer, Howard and Hickey, but in favor of Cassese, we might very well infer a compromise verdict in an effort to give innocent plaintiffs a recovery against responsible defendants where another defendant is being let out because his car was stolen. However, in this case the jury held in only Howard and his owner and let out the thief, Hickey — as clear a holding of negligence by the deceased as one could imagine. This necessarily makes the defense of *res judicata* available to both Cassese and Hickey. This is because the controlling factor is the determination that Howard was personally negligent in the operation of the Moyer automobile. Since that is so, whether Cassese was negligent is of no consequence. Additionally, since Hickey was exculpated it makes no difference whether Cassese negligently left his car unlocked.

Therefore, the appellants should have been permitted to amend their answers to plead the defense of *res judicata* and thereupon the complaint should have been dismissed as against the defendants Hickey and Cassese and the action severed as against the defendant City of New York.

LATHAM, Acting P. J., CHRIST, BRENNAN and BENJAMIN, JJ., concur.

Appeal by defendant Cassese from order dated March 15, 1971 dismissed as academic. As to him that order was superseded by the order dated May 7, 1971; and the determination herein upon his appeal from the latter order gives him all the relief he seeks.

Order dated May 7, 1971 reversed insofar as appealed from, on the law, and order dated March 15, 1971 reversed as to defendant Hickey, on the law, and motions of defendants Hickey and Cassese granted; said defendants' answers are deemed amended to plead the defense of *res judicata* in question; upon said defense, the complaint as against said defendants is dismissed; and action severed so as to continue against defendant City of New York.

Appellants are jointly awarded a single bill of $10 costs and disbursements against respondent, to cover all the appeals.