**In re NEW YORK ASBESTOS LITIGATION.**

**This Order Relates To:**
**Gustave Kreppein.**

No. 86 C 2734.

United States District Court,
E.D. New York.

May 21, 1990.

Levy Phillips & Konigsberg (Moshe Maimon, of counsel), New York City, for plaintiff.

McCarter & English, New York City (Richard P. O'Leary, of counsel), for Owens Illinois, Inc.

Lieber & Lieber, New York City (Eugene H. Lieber, of counsel), for U.S. Mineral Products Co.

Picillo Harvey Bromberg & Caruso, Fairfield, N.J. (Arthur D. Bromberg, of counsel), for Eagle Picher Industries, Inc.

Speziali & Constantine, Jersey City, N.J. (David A. Speziali, of counsel), for Celotex Corp.

## MEMORANDUM AND ORDER

### NICKERSON, District Judge.

The trial of this product liability action for wrongful death and personal injury resulted in a verdict for Mary Kreppein, the widow and personal representative of the estate of Gustave Kreppein, on January 18, 1990, against four asbestos products manufacturers, Owens–Illinois, Inc. (Owens–Illinois), United States Mineral Products Company (U.S. Mineral), Eagle–Picher Industries, Inc. (Eagle–Picher), and The Celotex Corporation (Celotex). The jury awarded actual damages of $731,557.79, and held Owens–Illinois liable for 5%, U.S. Mineral for 15%, Eagle–Picher for 27.5%, and Celotex for 32.5% of the total.

Owens–Illinois moves for reconsideration of an earlier summary judgment motion. All defendants move for judgment notwithstanding the verdict. In addition, Owens–Illinois, Celotex and Eagle–Picher move alternatively for a new trial or a remittitur.

*Owens–Illinois' Motion for Reconsideration of Denial of Summary Judgment*

Gustave Kreppein died on August 22, 1984 from mesothelioma and asbestosis. Prior to his death, he had pending in this court an action for personal injury against Owens–Illinois, among other defendants. After his death and on July 3, 1985, Judge Sifton dismissed the claims against the other defendants without prejudice and without opposition on statute of limitations grounds, and dismissed the claims against Owens–Illinois with prejudice upon its counsel's contention that there was no evidence that Kreppein had been exposed to an Owens–Illinois asbestos-containing product. Although Judge Sifton's order dismissed the claim against Owens–Illinois with prejudice, it did not direct entry of judgment on that order.

On August 14, 1986, Mary Kreppein filed the present action for wrongful death and personal injury under New York's one-year revival statute for certain toxic tort actions, 1986 N.Y.Laws, ch. 682 § 4.

The question is whether Judge Sifton's July 3, 1985 order was a final judgment that collaterally estops the claims here against Owens–Illinois. Owens–Illinois argues that the order was such a judgment because it disposed of the personal injury claims against all defendants. Plaintiff contends that Judge Sifton's order, by dismissing without prejudice the claims against other defendants, was not a final judgment.

According to Federal Rule of Civil Procedure 54(b), an order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties" and the order "is subject to revision" unless it contains an "express determination there is no just reason for delay" and an "express direction for the entry of judgment".

Judge Sifton's order did not include such a determination or direction. However, the court determines that the order

terminated all claims against all parties. In this circuit, a dismissal without prejudice is a final order from which an appeal lies. *Rinieri v. News Syndicate Co.*, 385 F.2d 818, 821 (2d Cir.1967); *Elfenbein v. Gulf & Western Industries, Inc.*, 590 F.2d 445, 448 (2d Cir.1978). A voluntary dismissal is equally a final order terminating litigation, though it may not be a sufficiently adverse judgment for a plaintiff to have standing to appeal. 5 Moore's Federal Practice ¶ 41.05[3].

The court holds that the July 3, 1985 dismissal was a final judgment.

■ Though the question of whether state or federal law governs the preclusive effect of a prior federal diversity judgment is open to debate, *see Gelb v. Royal Globe Insurance Co.*, 798 F.2d 38, 42 n. 3 (2d Cir.1986), this court follows the traditional rule that a federal diversity court should apply state law, *see id.* and *United States v. Frank*, 494 F.2d 145, 160 (2d Cir.) *cert. denied*, 419 U.S. 828, 95 S.Ct. 48, 42 L.Ed.2d 52 (1974).

■ Collateral estoppel is appropriate where there is identity of an issue necessarily decided in a prior action in which the party whose claim is sought to be barred, or someone in privity with that party, had a full and fair opportunity to litigate the issue. *S.T. Grand, Inc. v. City of New York*, 32 N.Y.2d 300, 344 N.Y.S.2d 938, 298 N.E.2d 105 (1973).

The issue of Gustave Kreppein's exposure to Owens–Illinois' products is identical in both actions. To recover on either a personal injury or wrongful death claim the plaintiff must prove such exposure. Kreppein or his representative had a full and fair opportunity to litigate the issue before Judge Sifton. The question that remains is whether Mary Kreppein was in privity with Gustave Kreppein, the plaintiff in the first action.

■ Plaintiff concedes that ordinarily a personal representative or distributee is in privity with the decedent where she has a successive relationship to the same right of property. *See e.g. In re Estate of Werger*, 64 Misc.2d 1094, 315 N.Y.S.2d 943, 946

(N.Y.Sur.1970). She argues, however, that she does not have a truly "successive" relationship because a wrongful death action is not a simple devolution of decedent's cause of action, or property of the decedent's estate, but is rather a separate cause of action to compensate the distributees for an injury distinct from that the decedent suffered. *McDaniel v. Clarkstown Central School District No. 1*, 110 A.D.2d 349, 494 N.Y.S.2d 885, 887 (2d Dept.1985).

It is true that the New York courts have held that the surviving personal injury action and the wrongful death action are different in many respects. For example, under CPLR § 1411, contributory negligence of a decedent does not bar recovery in a wrongful death action brought after September 1, 1975, even though at the time of death the decedent could not recover for the personal injuries if contributorily negligent. *Id.* Similarly, the two kinds of actions may have different statutes of limitations, *see id.* and *Morano v. Saint Francis Hospital*, 100 Misc.2d 621, 420 N.Y.S.2d 92, 95 (Sup.Ct.1979).

But these decisions are not pertinent here where the question is privity, "an admittedly amorphous term." *Weiner v. Greyhound Bus Lines, Inc.*, 55 A.D.2d 189, 389 N.Y.S.2d 884, 887 (2d Dept.1976).

■■ Section 5–4.1 of the Estates, Powers and Trusts Law of New York provides in pertinent part:

> The personal representative ... of a decedent ... may maintain an action to recover damages for a wrongful act, neglect or default which caused the decedent's death against a person who would have been liable to the decedent by reason of such wrongful conduct if death had not ensued.

There is no cause of action for wrongful death unless decedent could prove he was personally wronged in some way that eventually caused his death, in this case unless he proved that he had been exposed to Owens–Illinois products. *See McDaniel v. Clarkstown Central School District No. 1*, 494 N.Y.S.2d at 888. Thus, a judgment dismissing a decedent's personal injury

claim made during his lifetime will bar a later wrongful death action. *Littlewood v. Mayor, etc. of New York*, 89 N.Y. 24 (1882).

The relevant analogy is to the bar of a plaintiff's loss of consortium action where his or her spouse's underlying personal injury claim is dismissed in a prior proceeding. *Forte v. Kaneka America Corp.*, 110 A.D.2d 81, 493 N.Y.S.2d 180, 184 (2d Dept. 1985). In such a case the plaintiff's claim is barred, even though she was not a party to the prior action, because her claim was based on the alleged injury to her husband. *Id.*

Similarly, where an administratrix defended her husband's estate against personal injury claims, her wrongful death action can be estopped by the prior verdict finding her husband negligent in the accident that took his life. *Howard v. City of New York*, 38 A.D.2d 89, 327 N.Y.S.2d 429 (2d Dept.) *aff'd* 31 N.Y.2d 850, 340 N.Y.S.2d 165, 292 N.E.2d 306 (1971). She can be in no better a position than her husband would have been had he survived the accident. *Id.*

■ Though plaintiff here brings a cause of action distinct from the one her husband brought during his lifetime, she stands in the same position relative to Owens–Illinois as her husband stood, and her interest as a distributee in litigating the issue is derived from his. Moreover, in her capacity as personal representative of his estate, she would have been the proper plaintiff in Kreppein's personal injury action at the time of Judge Sifton's order. *See* EPTL § 11–3.2(b).

The court concludes that plaintiff's claims against Owens–Illinois are collaterally estopped by Judge Sifton's order, and does not consider other motions made by this defendant.

*Motions for Judgment Notwithstanding the Verdict and New Trial*

All defendants have moved for judgment notwithstanding the verdict, arguing that the evidence was insufficient to establish that Kreppein was exposed to their products or that such exposure was a proximate cause of his injury.

■ Plaintiff had the burden of proving that the asbestos products to which he was exposed were those of the defendants, and that this exposure was a substantial factor in his injury and death. *Derdiarian v. Felix Contracting Corp.*, 51 N.Y.2d 308, 434 N.Y.S.2d 166, 414 N.E.2d 666 (1980); *Hymowitz v. Eli Lilly & Co.*, 73 N.Y.2d 487, 541 N.Y.S.2d 941, 539 N.E.2d 1069, *cert. denied*, —— U.S. ——, 110 S.Ct. 350, 107 L.Ed.2d 338 (1989).

■ Kreppein worked from 1940 to 1942 at Todd Shipyard as a laborer cleaning up asbestos debris left by pipecoverers and from 1950 through 1981 as an ironworker at various building sites in the New York area. He testified as to his exposure to asbestos dust from building materials he regularly worked with at various jobsites. Seven witnesses testified who worked at the same jobsites during the same or overlapping time periods as had Kreppein. They corroborated his account of heavy dust in areas where persons performing the sort of jobs Kreppein performed were working. Some of these witnesses specifically identified Philip Carey products and Eagle–Picher products at these locations.

Plaintiff also presented evidence that large quantities of U.S. Mineral spray-fireproofing were shipped and used at two buildings at the times Kreppein was there as an ironworker. Two witnesses testified that ironworkers were exposed to dust from spray-fireproofing at these buildings when scraping it off surfaces and walking through droppings. Though there was inconsistent evidence as to the color of the fireproofing to which the ironworkers were exposed and the color and placement of U.S. Mineral fireproofing, the jury was entitled to decide which portions of evidence and testimony they found credible.

The court finds that the evidence of exposure to defendants' products, though circumstantial, was sufficient. *See Johnson v. Celotex*, 899 F.2d 1281, 1285 (2d Cir. 1990). Likewise the medical testimony as to the link between exposure to various types of asbestos used in these products and Kreppein's injuries was more than ade-

quate to establish causation. The jury's verdict was neither unreasonable nor against the weight of the evidence.

The court finds no merit in Celotex's objections to the court's reading the complaint as stating a claim for personal injury, and to various evidentiary rulings, including the admission of the Hemeon report, for the reasons given at trial.

 Evidence as to what was scientifically discoverable or known about the dangers of asbestos was introduced at trial, and properly so. *See LaDuca v. Celotex Corp.*, No. 89–7684 (2d Cir. April 23, 1990). Manufacturers are obliged to keep abreast of any scientific discoveries regarding the safety of their products, and are under a duty to "fully test their products to uncover all scientifically discoverable dangers before the products are sold." *Dartez v. Fibreboard Corp.*, 765 F.2d 456, 461 (5th Cir.1985). The court finds no error in so instructing the jury.

*Remittitur*

All defendants object to their share of liability and the amount of damages for pecuniary loss and loss of consortium apportioned by the jury. The court finds the jury's verdict was reasonably based on the evidence produced at trial.

*Conclusion*

Defendants' motions are denied, with the exception of Owens–Illinois' motion for reconsideration of summary judgment. The judgment is vacated with respect to Owens–Illinois. Plaintiff is directed to submit an amended judgment to be entered by the court, and any supporting papers, no later than ten days from the date of this order.

So ordered.