Matter of Kronik (2021 NY Slip Op 01491)





Matter of Kronik


2021 NY Slip Op 01491


Decided on March 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

Before: Webber, J.P., Kern, Scarpulla, Mendez, JJ. 


File Nos. 2812/09, 2812-A/09 Appeal No. 13321-13321A Case No. 2019-1691, 2020-03246 

[*1]In the Matter of the Estate of Joseph Kronik, Deceased.
Helena Kronik Bartash et al., Objectants-Appellants,
v
Marek Rozen, Petitioner-Respondent.


Joseph H. Neiman, Jamaica Estate, for appellants.
Farrell Fritz, P.C., Uniondale (Edward D. Baker of counsel), for respondent.



Order, Surrogate's Court, New York County (Rita Mella, S.), entered January 28, 2019, which, inter alia, granted petitioner's motion for summary judgment dismissing the objections filed by objectants-appellants relating to the purported revocation of decedent's Last Will and Testament dated June 24, 1976, and decree of probate, same court and Surrogate, entered July 31, 2019, which, inter alia, admitted that will for probate, unanimously affirmed, without costs.
In the 1976 Will, decedent bequeathed his entire estate to his wife, and if she predeceased him, to his brother and petitioner, his brother-in-law. In a later will executed on March 22, 2000, all prior wills were revoked, and the estate poured over into a trust formed on the same date. Objectant Kuzneic was a beneficiary under the Trust. Objectant Bartash is decedent's first cousin and a distributee.
In May 2000, decedent's wife instituted guardianship proceedings under Mental Hygiene Law article 81. In October 2000, Supreme Court, Nassau County found that decedent was incapacitated, and appointed petitioner as the guardian of decedent's person and property. Petitioner then commenced a proceeding to invalidate the 2000 Trust. A jury invalidated the Trust, finding decedent lacked the mental capacity to create the Trust, and found that it was the product of undue influence by an individual with ties to one of the distributes of the 2000 Trust. Supreme Court by counter judgment dated January 6, 2003, made an independent determination invalidating the 2000 Trust on the same grounds as the jury.
Following decedent's death in March 2009, petitioner filed an amended petition for probate of the 1976 Will. Objectants argued that the earlier proceeding had invalidated only the Trust, and that the 2000 Will was decedent's Last Will and Testament.
The court properly concluded that the doctrines of res judicata and collateralestoppel precluded objectants from seeking to probate the 2000 Will. As stated by the court, the 2000 Will was part of a series of transactions that included the formation of the Trust, which was found to have been the product of undue influence and the trust instrument that was executed at a time when decedent lacked testamentary capacity (see Landau, P.C. v LaRossa, Mitchell & Ross, 11 NY3d 8, 12 [2008]). Since a testator must have the same mental capacity to revoke a will as to execute a testamentary instrument (see Matter of Davis, 154 AD2d 461 [2d Dept 1989]), the prior proceeding established that the 2000 Will was likewise invalid.
The court correctly found that both objectants were bound by the January 2003 determination. Kuzniec, who was a party in the prior proceeding and was represented by counsel, had a full and fair opportunity to litigate the issues of decedent's testamentary capacity and undue influence. Similarly, Bartash was bound by the prior determination as she was in privity with decedent, as a distributee (see Johnson v Smithsonian Inst., 189 F3d 180[*2], 189 [2d Cir 1999]; In re New York Asbestos Litig., 738 F Supp 66, 68 [ED NY 1990], affd 969 F2d 1424 [2d Cir 1992]; Matter of Werger, 64 Misc 2d 1094, 1100 [Sur Ct, NY County 1970]; Matter of Baker, 189 Misc 159 [Sur Ct, Bronx County 1947]).
We have considered objectants' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 11, 2021