Memorandum. Order affirmed, with costs.
 

 Special Term correctly held that a contractual choice of forum, whether as to place or the preclusion of the right to litigate in favor of arbitration, must be express (see
 
 Matter of Rosenbaum [American Sur. Co.],
 
 11 NY2d 310, 314;
 
 Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.],
 
 306 NY 288, 289-292; cf.
 
 Matter of Marchant v Mead-Morrison Mfg. Co.,
 
 252 NY 284, 298-301, app dsmd 282 US 808;
 
 Matter of Doughboy Inds. [Pantasote Co],
 
 17 AD2d 216, 220). The clause in the marine insurance policy in suit, as opposed to the "broad” arbitration clause accepted in this and other American jurisdictions as unlimited, was limited (e.g.,
 
 Matter of Weinrott [Carp],
 
 32 NY2d 190, 196; see
 
 Matter of Marchant v Mead-Morrison Mfg. Co., supra,
 
 p 299; compare 2 Am Jur Legal Forms 2d, Arbitration and Award, § 23:32, with § 23:42). The instant clause refers to disputes "regarding the execution of the present policy”. Although the term "execution” has both a broad and a narrow connotation, an arbitration clause must be read conservatively if it is subject to an equivocal reading (see
 
 Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co], supra,
 
 p 291;
 
 Matter of Marchant v Mead-Morrison Mfg. Co., supra,
 
 pp 298-301;
 
 Matter of Doughboy Inds. [Pantasote Co], supra,
 
 p 220). A distinction must be drawn. The agreement to arbitrate must be express, direct, and unequivocal as to the issues or disputes to be submitted to arbitration. But, once there is agreement or submission to arbitration, the scope of the arbitrators is unlimited and, with very limited exceptions, unreviewable
 
 (Matter of Weinrott [Carp], supra,
 
 p 198;
 
 Lentine v Fundaro,
 
 29 NY2d 382, 383, 386).
 

 Although, as appellants argue, the law of Belgium would appear prima facie to be applicable to the execution and interpretation of the agreement, appellants offered no proof or argument as to the applicable Belgian law. Left unresolved is whether under Belgian law the word "execution”, or the clause as a whole, would be given the broad connotation comparable to that of a broad arbitration clause in American jurisdictions. Compounding the difficulty is the ambiguous and unexplained final sentence of the arbitration provision: "The
 
 *842
 
 parties concerned reserve themselves the right of appeal.” Again, appellants offer no proof or argument what that means under Belgian law. Instead, they blandly refer to the arbitration clause as governing "all disputes”, thus begging the question. It would be foolhardy to assume that the appeal provision refers to a Belgian judicial procedure comparable to that provided in this State for limited judicial supervision of arbitration proceedings under CPLR article 75.
 

 The policy provides in a place separate from that dealing with arbitration, and arguably dealing with claims made under the policy rather than with the execution and performance of the policy proper, that is, delivery of an executed policy and payment of premium, that "Disputes are settled at the place where the contract is subscribed by the Underwriters.” Again, this provision for situs of "settlement” and "subscription by the underwriters” is ambiguous and would require interpretation and construction under Belgian law. The defect is not supplied and the rule of interpretation applicable to arbitration provisions generally should apply here.
 

 On the above analysis in the absence of proof of contrary applicable foreign law, the law of the forum should be applied (Ehrenzweig, Conflict of Laws, § 119, pp 341-342; but see CPLR 4511, subd [b]).
 

 Other issues raised need not be reached, if only because they depend largely upon evidentiary facts purportedly supplied only by the affidavit of the attorney for appellants.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed, with costs, in a memorandum. Question certified answered in the affirmative.