■ Rose Shuffman, as Executrix of Oscar Shuffman, Deceased, Appellant, v Rudd Plastic Fabrics Corp., Respondent.—In an action on a contract for the payment of commissions, plaintiff appeals from an order of the Supreme Court, Westchester County, dated May 13, 1977, which granted defendant's motion to stay the action and permitted plaintiff to submit the dispute to arbitration. Order reversed, with $50 costs and disbursements, and motion denied. Defendant's time to serve an answer is extended until 20 days after service upon it of a copy of the order to be entered hereon, together with notice of entry thereof. Oscar Shuffman, plaintiff's decedent, and the defendant entered into a contract wherein the defendant agreed to pay Shuffman a commission on all merchandise sold to a particular buyer (Hartford). Previous litigation regarding the payment of commissions resulted in a stipulation of settlement which essentially continued the contract for commissions and added the following arbitration clause: "In the event of any dispute, claim or controversy between the amount as determined by plaintiff and by defendant's accountant, the same shall be submitted to and settled by Arbitration in accordance with the Rules of the American Arbitration Association, whose determination shall be final and binding on the parties hereto." Subsequently, the subject buyer filed a chapter 11 petition in the United States District Court. By a separate agreement, the defendant continued to supply merchandise to the debtors-in-possession, but it has refused to pay commissions. This action was commenced to recover said commissions. The plaintiff alleges in her complaint that the defendant has notified her that the buyer's filing of a chapter 11 petition would "excuse performance by Rudd under its contract with Hartford and that therefore its commission agreement with Oscar Shuffman was also terminated." Rather than serving an answer, the defendant moved to stay the action and compel arbitration. The sole issue is whether the dispute comes within the proper scope of the above-quoted arbitration clause. We hold that it does not. Arbitration clauses contained in commercial contracts must be express, direct and unequivocal as to the issues or disputes subject to arbitration (see Gangel v De Groot, 41 NY2d 840, 841). If equivocal, the scope of a commercial arbitration clause must be read conservatively. The language of the arbitration clause now under review is limited to any dispute concerning the amount of commissions owed to the plaintiff. However, the gravamen of the present controversy is whether the entire commission agreement has been terminated as a result of the buyer's filing of a chapter 11 petition. An arbitration clause dealing with disputes as to the amount of commissions due and payable may not be extended to include a controversy concerning whether the underlying agreement is still in effect, merely because the resolution of that dispute will affect the subsequent calculation of commissions. Therefore, the order staying the action should be reversed. Titone, J. P., Rabin, Gulotta and Hawkins, JJ., concur.