■ COMPUTER ASSOCIATES INTERNATIONAL, INC., Appellant, v COM-TECH ASSOCIATES, Respondent. [658 NYS2d 322] —In an action for a judgment declaring the rights of the parties under a settlement agreement, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Stark, J.), dated May 15, 1996, which granted the defendant's motion to compel arbitration and denied its cross motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the defendant's motion to compel arbitration is denied, the plaintiff's cross motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that royalties are to be calculated based only upon the amounts collected by the plaintiff.

Pursuant to a marketing agreement entered into between the parties, the plaintiff was given the exclusive right to license and distribute the defendant's software product in exchange for a promise to pay the defendant royalties "on all payments collected by [the plaintiff] for licenses and maintenance of the Product". The marketing agreement expressly gave the plaintiff the right to appoint distributors and subdistributors to market the product.

In resolving a prior Federal lawsuit, the parties entered into a settlement agreement in 1991, which, among other things, gave the defendant the right to have its representative "examine [the plaintiff's] books for the purpose of verifying the Collections and Royalties earned pursuant to [the] agreement". The settlement agreement further provided that if the defendant's representative found that "Collections or Royalties ha[d] been understated or underpaid", the parties were to confer to resolve the dispute, and if they could not agree, a third party would be appointed to "inspect the books and records and render a decision on any amounts owed which decision shall be binding on all the parties".

The defendant exercised its right to examine the plaintiff's books and records for the quarterly reporting periods ending June 30, 1991, through September 30, 1992, and contested the manner in which the plaintiff was computing the royalties due it. The plaintiff had only been remitting royalties based upon the amounts it collected directly and the royalties it received from its distributors and subdistributors for their marketing of the product. The defendant claimed that it was entitled to royalties based upon total fees collected from the end-users of the product. Rather than submit the dispute to arbitration, the plaintiff commenced the present action seeking a judgment declaring that royalties were due only on amounts collected by the plaintiff and "[did] not include any higher amounts which may have been received by distributors or sub-distributors of [the plaintiff]". The Supreme Court granted the defendant's motion to compel arbitration of the dispute and denied the plaintiff's cross motion for summary judgment.

"[I]n the commercial context generally, the rule is clear that

unless the agreement to arbitrate expressly and unequivocally encompasses the subject matter of the particular dispute, a party cannot be compelled to forego the right to seek judicial relief and instead submit to arbitration" *(Bowmer v Bowmer, 50 NY2d 288, 293-294)*. Thus, while arbitration is favored and encouraged by the policy of this State "as a means of expediting the resolution of disputes and conserving judicial resources" *(Rio Algom v Sammi Steel Co., 168 AD2d 250, 251)*, these considerations must be reconciled with the equally strong policy considerations that a party who agrees to arbitration "waives in large part many of his normal rights under the procedural and substantive law of the State, and it would be unfair to infer such a significant waiver on the basis of anything less than a clear indication of intent" *(Matter of Marlene Indus. Corp. [Carnac Textiles], 45 NY2d 327, 333-334)*. The scope of the arbitration clause at issue is narrow and equivocal, and as such it must be read conservatively *(see, Shuffman v Rudd Plastic Fabrics Corp., 64 AD2d 699)*. With these principles in mind, we cannot conclude that the present dispute falls clearly and unequivocally within the class of claims agreed to be submitted to arbitration. Accordingly, the defendant's motion to compel arbitration should have been denied.

Furthermore, the plaintiff's cross motion for summary judgment declaring that royalties are to be calculated based only upon amounts collected by the plaintiff should have been granted. "Where a written agreement between sophisticated, counseled businessmen is unambiguous on its face, one party cannot defeat summary judgment by a conclusory assertion that * * * the writing did not express his own understanding of the oral agreement reached during negotiations" *(Chimart Assocs. v Paul, 66 NY2d 570, 571)*. The agreements at issue, both of which define the "collections" upon which royalties are to be based as payments received by the plaintiff, do not support the defendant's contention that the parties intended that royalties would be calculated based upon all of the fees collected for the licensing and maintenance of the product, regardless of whether such fees were collected by the plaintiff or the plaintiff's distributors. Furthermore, inasmuch as the agreements are clear and unambiguous on their face on this issue, extrinsic evidence cannot be considered to create an ambiguity *(see, Intercontinental Planning v Daystrom, Inc., 24 NY2d 372, 379)*. Mangano, P. J., Rosenblatt, Santucci and Joy, JJ., concur.

■ CONTINENTAL CAPITAL CORP., as Assignee of RESOLUTION TRUST CORPORATION, as Receiver for GOLDOME FEDERAL SAVINGS