■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v GLEN J. TORCIVIA, Appellant. [715 NYS2d 75] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the appeals are from (1) an order of the Supreme Court, Nassau County (Adams, J.), entered February 2, 2000, which

granted the petition and permanently stayed arbitration, and (2) an order of the same court, dated May 3, 2000, which denied reargument.

Ordered that the appeal from the order dated May 3, 2000, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that order entered February 2, 2000, is affirmed; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The appellant, Glen J. Torcivia, was involved in a motor vehicle accident in New York when the vehicle he was driving was struck in the rear by another vehicle, which then left the scene. Torcivia was insured by the petitioner under a policy issued in South Carolina, and his vehicle had South Carolina plates. Torcivia served the petitioner with a demand for arbitration of an uninsured motorist claim. The petitioner commenced this proceeding to permanently stay arbitration on the ground that the policy did not contain a provision for the arbitration of uninsured motorist claims.

The Supreme Court properly granted the petition and permanently stayed arbitration. A party will not be compelled to arbitrate, and thus surrender the right to litigate a dispute in court, absent evidence which affirmatively establishes that the parties expressly agreed to arbitrate their disputes (*see, Matter of Waldron [Goddess]*, 61 NY2d 181; *Schubtex, Inc. v Allen Snyder, Inc.,* 49 NY2d 1). In addition, an agreement to arbitrate must be "express, direct, and unequivocal as to the issues or disputes to be submitted to arbitration" (*Gangel v De-Groot,* 41 NY2d 840, 841). Since Torcivia concedes that the policy at issue did not provide for the arbitration of uninsured motorist claims, the petitioner cannot be compelled to arbitrate.

Contrary to Torcivia's contention, there is no requirement under the New York no-fault statutes and regulations that mandates arbitration where, as here, a policy issued out of State meets the minimum financial security requirements of Insurance Law § 5107 (*cf., Matter of Midwest Mut. Ins. Co. v Pisani,* 250 AD2d 512; *Matter of Allstate Ins. Co. [Ramos],* 234 AD2d 41). Ritter, J. P., Thompson, Friedmann, H. Miller and Feuerstein, JJ., concur.