In an action to recover damages for personal injuries, etc., the defendant Pepsi-Cola Bottling Company of New York, Inc., appeals from an order of the Supreme Court, Queens County (O’Donoghue, J.), dated September 17, 2002, which denied its motion pursuant to CPLR 7503 (a) to compel arbitration.
Ordered that the order is affirmed, with costs.
In 1996 the plaintiff Michael Sammarco (hereinafter the plaintiff), entered into an agreement (hereinafter the Agree *342 ment) with the defendant Pepsi-Cola Bottling Company of New York, Inc. (hereinafter Pepsi), to distribute Pepsi products. The Agreement, which covered the commercial aspects of the parties’ relationship, contained an arbitration provision stating in pertinent part, that “[a]ny and all disputes or disagreements between the Company and the Distributor concerning the interpretation of application of the provisions of this Agreement, shall be determined in arbitration” (emphasis supplied). In January 2002 the plaintiff was injured in a warehouse owned by Pepsi. Thereafter, the plaintiff and his wife commenced this lawsuit against Pepsi seeking damages, inter alia, for personal injuries. Pepsi moved to compel arbitration of the plaintiffs’ claims based upon the arbitration clause of the Agreement. The Supreme Court denied the motion, holding that the “arbitration agreement is not applicable to the personal injury action.” We agree.
In the case of Bowmer v Bowmer (50 NY2d 288, 293-294 [1980]), the Court of Appeals stated: “[A]s with [arbitration] provisions in the commercial context generally, the rule is clear that unless the agreement to arbitrate expressly and unequivocally encompasses the subject matter of the particular dispute, a party cannot be compelled to forego the right to seek judicial relief and instead submit to arbitration (see Gangel v DeGroot, 41 NY2d 840, 841 [1977]).” (Accord Computer Assoc. Intl. v Com-Tech Assoc., 239 AD2d 379 [1997]).
Notwithstanding the fact that the plaintiff fell in a warehouse owned by Pepsi while performing his duties as a Pepsi distributor, the personal injury claims arising from his accident do not “concern the interpretation of the application of the provisions” of the Agreement. Indeed, such claims could not concern the interpretation of the Agreement’s provisions since the Agreement contains no provision relating to personal injury. In other words, there is no “reasonable relationship” between the personal injury claims and the general subject matter of the Agreement (see Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am., 37 NY2d 91 [1975]); nor does the arbitration provision of the Agreement “expressly and unequivocally encompass the subject matter” of this “particular dispute” (Bowmer v Bowmer, supra at 293-294). Thus, the plaintiffs were not required to submit their personal injury claims to arbitration, and accordingly, the Supreme Court properly denied Pepsi’s motion to compel arbitration. Santucci, J.P., Krausman, Townes and Cozier, JJ., concur.