entered March 25, 2004 (*see Kardas v Union Carbide Corp.*, 22 AD3d 640 [2005] [decided herewith]). Florio, J.P., Crane, Mastro and Lifson, JJ., concur.

In an action to recover damages for personal injuries, etc., the defendants Union Carbide Corporation, KTI Chemicals, Inc., Shipley Company, LLC, and CNA Holdings, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered March 25, 2004, as denied those branches of their motion which were for summary judgment dismissing the claims alleging negligence, strict products liability, and concerted action insofar as asserted against them by the plaintiff Ashley Thibault, and the defendant International Business Machines Corporation separately appeals, as limited by its brief, from stated portions of the same order. Application by International Business Machines Corporation for leave to withdraw its appeal.

Ordered that the application is granted and the appeal by the defendant International Business Machines Corporation is deemed withdrawn; and it is further,

Ordered that the order is reversed insofar as appealed from by the defendants Union Carbide Corporation, KTI Chemicals, Inc., Shipley Company, LLC, and CNA Holdings, Inc., on the law, those branches of the motion which were for summary judgment dismissing the claims alleging negligence, strict products liability, and concerted action insofar as asserted against those defendants by the plaintiff Ashley Thibault are granted; and it is further,

Ordered that one bill of costs is awarded to the defendants Union Carbide Corporation, KTI Chemicals, Shipley Company, LLC, and CNA Holdings, Inc., payable by the plaintiff Ashley Thibault.

The Supreme Court erred in denying those branches of the motion of the defendants Union Carbide Corporation, KTI Chemicals, Inc., Shipley Company, LLC, and CNA Holdings, Inc., which were for summary judgment dismissing the claims alleging negligence, strict products liability, and concerted action insofar as asserted against them by the plaintiff Ashley Thibault. Those defendants established the absence of any triable issue of fact with respect to these claims pursuant to New York law (*see Ruffing v Union Carbide Corp.*, 1 AD3d 339, 341

[2003]; *Widera v Ettco Wire & Cable Corp.*, 204 AD2d 306, 307-308 [1994]; *cf. Enright v Eli Lilly & Co.*, 77 NY2d 377, 380 [1991], *cert denied* 502 US 868 [1991]). In opposition, the plaintiff Ashley Thibault failed to demonstrate that Vermont common law would conflict with New York law by recognizing a duty on the part of those defendants towards her under the circumstances of this case (*cf. Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.]*, 81 NY2d 219, 223 [1993]; *Gangel v DeGroot*, 41 NY2d 840, 842 [1977]; *Brandstetter v USAA Cas. Ins. Co.*, 163 AD2d 349, 350 [1990]). In the absence of applicable foreign law, the law of the forum should be applied (*see Gangel v DeGroot, supra; Brandstetter v USAA Cas. Ins. Co., supra*).

The remaining contentions of the plaintiff Ashley Thibault are without merit. Florio, J.P., Crane, Mastro and Lifson, JJ., concur. [*See* 2 Misc 3d 1006(A), 2004 NY Slip Op 50163(U) (2004).]