■ In the Matter of NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Appellant, v HING WA LOUIE, Respondent, et al., Respondents. [833 NYS2d 88]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered March 14, 2006, which granted a temporary stay of arbitration pending a referee's hearing and report on the insurance status of the alleged offending vehicle in the accident, and denied petitioner additional discovery, unanimously affirmed, with costs.

The automobile driven by respondent, a Connecticut resident whose insurance policy was issued by petitioner in that state, was involved in an accident in the Bronx with an apparently uninsured vehicle registered to, owned and operated by a New Jersey resident. Since the accident occurred in New York State and petitioner does business here, respondent notified petitioner of his intention to pursue arbitration in connection with his uninsured motorist benefits (*see* Insurance Law § 5106 [b]). Petitioner thereupon commenced this proceeding to stay arbitration on the ground that respondent is not entitled to such arbitration under the relevant policy and Connecticut law.

Petitioner's appeal from the temporary stay is based in part on the argument that Connecticut law governs Louie's demand for arbitration. However, we have long held that where the obligation to arbitrate is not found in the policy but is instead imposed on that agreement by the New York State Insurance Law, it "is imposed not only upon New York policies but also upon policies written for nonresidents when their automobiles are operated in this State and the insurer is authorized to transact business here" (*Ohio Cas. Group v Avellini*, 54 AD2d 632 [1976], *affd on our mem* 43 NY2d 701 [1977]). To the extent the Second Department has more recently held otherwise (*Matter of State Farm Mut. Auto. Ins. Co. v Torcivia*, 277 AD2d 321 [2000]), we decline to follow that ruling.

The court did not improvidently exercise its discretion in denying the request for disclosure in aid of arbitration (CPLR

3102 [c]), in view of petitioner's failure to set forth the kind of information it expected to find through that discovery. Concur— Tom, J.P., Marlow, Nardelli, Gonzalez and Kavanagh, JJ.