■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v ZAILEEN JUMA, Respondent. [844 NYS2d 364]—

In a proceeding pursuant to CPLR article 75, in effect, to permanently stay arbitration of a claim for supplemental underinsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Suffolk County (Weber, J.), dated August 10, 2006, which denied the petition and granted the respondent's cross motion to compel arbitration.

Ordered that the order is reversed, on the law, with costs, the petition, in effect, to permanently stay arbitration is granted, and the cross motion to compel arbitration is denied.

A party will not be compelled to arbitrate absent evidence affirmatively establishing that the parties expressly agreed to arbitrate their disputes (see Matter of Waldron [Goddess], 61 NY2d 181 [1984]; Schubtex, Inc. v Allen Snyder, Inc., 49 NY2d 1 [1979]). "The agreement to arbitrate must be express, direct, and unequivocal as to the issues or disputes to be submitted to arbitration" (see Gangel v DeGroot, 41 NY2d 840, 841 [1977]). Similarly, " 'where the provisions of the policy are clear and unambiguous, they must be given their plain and ordinary meaning, and courts should refrain from rewriting the agreement' " (Raino v Navigators Ins. Co., 268 AD2d 419, 420 [2000], quoting Government Empls. Ins. Co. v Kligler, 42 NY2d 863, 864 [1977]). Here, it is clear that there was no agreement to arbitrate contained in the subject automobile insurance policy issued by the petitioner to the respondent. Accordingly, since the subject policy did not provide for arbitration of the subject underinsured motorist claim, the Supreme Court erred in, inter alia, denying the petition, in effect, to permanently stay arbitration (see Matter of State Farm Mut. Auto. Ins. Co. v Torcivia, 277 AD2d 321 [2000]). Schmidt, J.P., Fisher, Lifson and Carni, JJ., concur.