■ In the Matter of Howard Salzman et al., Respondents, v Electric Insurance Company, Appellant, et al., Respondents. [916 NYS2d 782]—

In a hybrid proceeding pursuant to CPLR article 75 to compel Electric Insurance Company to proceed to arbitration of a claim for underinsured motorist benefits, and action, in effect, for a judgment declaring that the petitioners did not need the consent of Electric Insurance Company in order to settle their underly-

ing automobile accident claim against, among others, the Jewish Community Council of Greater Coney Island, for the sum of $250,000 for each petitioner, in order to preserve their right to seek underinsured motorist benefits, Electric Insurance Company appeals from an order and judgment (one paper) of the Supreme Court, Richmond County (McMahon, J.), dated October 13, 2009, which granted the petition to compel it to proceed to arbitration and, in effect, declared that the petitioners did not need the consent of Electric Insurance Company in order to settle their underlying automobile accident claim to preserve their right to seek underinsured motorist benefits.

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof granting the petition to compel Electric Insurance Company to proceed to arbitration and substituting therefor a provision denying the petition; as so modified, the order and judgment is affirmed, without costs or disbursements.

"A party to an agreement may not be compelled to arbitrate its dispute with another unless the evidence establishes the parties' 'clear, explicit and unequivocal' agreement to arbitrate" (*God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP*, 6 NY3d 371, 374 [2006], quoting *Matter of Waldron [Goddess]*, 61 NY2d 181, 183 [1984]; *see Matter of Varsames v DiMauro*, 56 AD3d 681 [2008]). " 'The agreement to arbitrate must be express, direct, and unequivocal as to the issues or disputes to be submitted to arbitration' " (*Matter of State Farm Mut. Auto. Ins. Co. v Juma*, 44 AD3d 963, 963 [2007], quoting *Gangel v DeGroot*, 41 NY2d 840, 841 [1977]). Thus, "[a] party will not be compelled to arbitrate, and thus surrender the right to litigate a dispute in court, absent evidence which affirmatively establishes that the parties expressly agreed to arbitrate their disputes" (*Matter of State Farm Mut. Auto. Ins. Co. v Torcivia*, 277 AD2d 321, 322 [2000]). Here, it is clear that the subject automobile insurance policy issued by Electric Insurance Company to the petitioners only provided for arbitration of underinsured motorist benefit claims where "[b]oth parties" agreed to arbitrate. Accordingly, since Electric Insurance Company did not agree to arbitrate, the Supreme Court erred in granting the petition to compel it to proceed to arbitration (*see Matter of State Farm Mut. Auto. Ins. Co. v Juma*, 44 AD3d 963 [2007]; *Matter of State Farm Mut. Auto. Ins. Co. v Torcivia*, 277 AD2d 321 [2000]).

The appellant's remaining contentions are without merit. Mastro, J.P., Chambers, Roman and Cohen, JJ., concur.