■ In the Matter of INCORPORATED VILLAGE OF ROCKVILLE CENTRE et al., Appellants, v ERNEST ZIEGLER, Respondent. [942 NYS2d 592]—

In a proceeding, inter alia, pursuant to CPLR article 75 to permanently stay arbitration of an underinsured motorist claim, the petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), entered February 28, 2011, as denied that branch of the petition which was to permanently stay arbitration.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the petition which was to permanently stay arbitration is granted.

The respondent, Ernest Ziegler, a police officer with the Incorporated Village of Rockville Centre Police Department, was injured while on duty when a vehicle driven by Brian Frazier collided with the police vehicle Ziegler was driving. Ziegler and another individual commenced an action against Frazier and another individual. State Farm Mutual Insurance Company made an offer of settlement in that matter. The petitioner Incorporated Village of Rockville Centre (hereinafter the Village), by its attorneys, wrote to the attorneys for Ziegler, consenting to the settlement. In that letter, the Village indicated, in effect, that it had a policy with the petitioner Markel American Insurance Company (hereinafter Markel) providing supplementary uninsured/underinsured motorist coverage with a limit of $500,000, subject to a $500,000 self-insured retention. Thereafter, Ziegler served a demand for arbitration on the Village. The demand indicated that the Village was "[s]elf insured up to $500,000 with [Markel] carrying an excess policy."

The Village and Markel commenced this proceeding, inter alia, pursuant to CPLR article 75 to permanently stay arbitration of Ziegler's underinsured motorist claim. In seeking to

permanently stay arbitration, the Village and Markel contended, among other things, that no coverage was available to Ziegler because the Village was self-insured and its self-insured retention did not provide underinsured motorist coverage. The Supreme Court, inter alia, denied that branch of the petition which was to permanently stay arbitration.

Under these circumstances, where the Village and Markel submitted evidence tending to show that the Village did not provide underlying underinsured motorist coverage, and where there was no agreement to arbitrate, the Supreme Court should have granted that branch of the petition which was to permanently stay arbitration (*cf. Matter of State Farm Mut. Auto. Ins. Co. v Juma*, 44 AD3d 963 [2007]; *Matter of State Farm Mut. Auto. Ins. Co. v Torcivia*, 277 AD2d 321, 322 [2000]). Dillon, J.P., Dickerson, Hall and Austin, JJ., concur.