In the Matter of PROGRESSIVE SPECIALTY INSURANCE COMPANY, Respondent, v GUICHARD LOUIS, Appellant, et al., Proposed Additional Respondents. [996 NYS2d 89]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, Guichard Louis appeals from an order of the Supreme Court, Queens County (Rios, J.), dated December 13, 2012, which granted the petitioner's application for a stay of an uninsured motorist arbitration demanded by the appellant, and denied the appellant's cross motion to dismiss the proceeding.

Ordered that the order is affirmed, with costs.

Progressive Specialty Insurance Company (hereinafter Progressive) commenced this proceeding to permanently stay arbitration of a claim for uninsured motorist benefits made by Guichard Louis, who allegedly was injured in a motor vehicle accident while driving a vehicle insured by Progressive. Louis cross-moved to dismiss the petition pursuant to CPLR 7503 (c) on the ground that it was untimely. The Supreme Court granted the petition and denied the cross motion.

Progressive did not apply for a permanent stay of arbitration

within the 20-day time limitation of CPLR 7503 (c). However, since the basis for the permanent stay was that the parties had never agreed to arbitrate, an exception to this time limitation applies, and the Supreme Court properly denied Louis's cross motion to dismiss the proceeding (*see Matter of Matarasso [Continental Cas. Co.]*, 56 NY2d 264, 265 [1982]).

Moreover, the Supreme Court properly granted the petition for a permanent stay on the basis that the subject policy did not mandate arbitration of the subject uninsured motorist claim (*see Matter of Salzman v Electric Ins. Co.*, 80 AD3d 768, 769 [2011]). "A party will not be compelled to arbitrate absent evidence affirmatively establishing that the parties expressly agreed to arbitrate their disputes" (*Matter of State Farm Mut. Auto. Ins. Co. v Juma*, 44 AD3d 963, 963 [2007]). Rivera, J.P., Hall, Austin and Roman, JJ., concur.