▇ In the Matter of AMERICAN INDEPENDENT INSURANCE CO., Appellant, v NOVA ACUPUNCTURE, P.C., et al., Respondents. [28 NYS3d 704]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of claims for no-fault benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated April 6, 2015, which denied the petition.

Ordered that the order is reversed, on the law, without costs or disbursements, the matter is remitted to the Supreme Court, Kings County, for a hearing on the issue of whether the petitioner controls, is controlled by, or is under common control by or with an insurer authorized to transact business in New York and, thereafter, for a new determination of the petition, and the arbitration is stayed pending a new determination of the petition.

The petitioner, American Independent Insurance Co. (hereinafter AIIC), is a Pennsylvania corporation not licensed to do business in the State of New York. In 2011, AIIC commenced a proceeding in the Supreme Court, Queens County, to permanently stay arbitration of three claims for no-fault benefits on the ground that it was not subject to personal jurisdiction in New York. The Supreme Court, Queens County, inter alia, granted the petition in that proceeding. On appeal, this Court, inter alia, modified the order and denied the petition (*see American Ind. Ins. Co. v Art of Healing Medicine, P.C.*, 104 AD3d 761 [2013]). In July 2014, AIIC commenced this proceeding in the Supreme Court, Kings County, to permanently stay arbitration of the same claims for no-fault benefits that were the subject of the first proceeding, as well as to permanently stay arbitration of two additional claims. AIIC alleged, inter alia, that arbitration should be stayed because the subject policies did not contain an agreement to arbitrate. The Supreme Court denied the petition.

The Supreme Court determined that AIIC was estopped from raising its current arguments because it should have raised them in the first proceeding. We disagree. In the first proceeding, AIIC argued only that it was not subject to personal jurisdiction in New York. Had AIIC argued the merits, it would have indicated an intention to submit to the court's jurisdiction (*see Taveras v City of New York*, 108 AD3d 614, 617 [2013];

*Rubino v City of New York*, 145 AD2d 285, 288 [1989]). Furthermore, this proceeding is not barred by the doctrines of res judicata and/or collateral estoppel (*see Matter of AutoOne Ins. Co. v Valentine*, 72 AD3d 953 [2010]).

Article 51 of the Insurance Law is known as the Comprehensive Motor Vehicle Insurance Reparations Act and is commonly referred to as the No-Fault Law (*see Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co.*, 61 AD3d 13, 17 [2009]). The purpose of this statute is to " 'assure claimants of expeditious compensation for their injuries through prompt payment of first-party benefits without regard to fault and without expense to them' " (*New York Hosp. Med. Ctr. of Queens v Motor Veh. Acc. Indem. Corp.*, 12 AD3d 429, 430 [2004], quoting *Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 225 [1986]).

Section 5107 of article 51, entitled "Coverage for non-resident motorists," provides, in pertinent part, that "(a) Every insurer authorized to transact or transacting business in this state, or controlling or controlled by or under common control by or with such an insurer, which sells a policy providing motor vehicle liability insurance coverage or any similar coverage in any state or Canadian province, shall include in each such policy coverage to satisfy the financial security requirements of article six or eight of the vehicle and traffic law and *to provide for the payment of first party benefits pursuant to subsection (a) of section five thousand one hundred three of this article when a motor vehicle covered by such policy is used or operated in this state*" (emphasis added).

The enabling regulation to Insurance Law § 5107 provides, in relevant part, that "(b) The automobile liability insurance policies which are sold in any other state or Canadian province by an unauthorized insurer which is *controlled by, or controlling, or under common control of, an authorized insurer shall be deemed to satisfy the financial security requirements of article 6 or 8 of the New York Vehicle and Traffic Law, and shall be deemed to provide for the payment of first-party benefits pursuant to section 5103 of the New York Insurance Law when the insured motor vehicle is used or operated in this State*" (11 NYCRR 65-1.8 [b] [emphasis added]).

Section 5106 of the Insurance Law, entitled "Fair claims settlement," provides, in pertinent part, that "(b) Every insurer shall provide a claimant with the option of submitting any dispute involving the insurer's liability to pay first party benefits, or additional first party benefits, the amount thereof or any other matter which may arise pursuant to subsection (a) of this section *to arbitration pursuant to simplified*

*procedures to be promulgated or approved by the superinten-dent"* (emphasis added).

Contrary to AIIC's contention, the fact that the subject policies do not contain any agreement to arbitrate disputes involving the payment of first-party benefits does not preclude the respondents from exercising their option to arbitrate the underlying dispute in this proceeding. Although this Court has held, in the context of claims for uninsured or supplemental underinsured motorist benefits, that " '[a] party will not be compelled to arbitrate absent evidence affirmatively establishing that the parties expressly agreed to arbitrate their disputes' " (*Matter of Progressive Specialty Ins. Co. v Louis*, 122 AD3d 637, 638 [2014], quoting *Matter of State Farm Mut. Auto. Ins. Co. v Juma*, 44 AD3d 963, 963 [2007]; *see Matter of State Farm Mut. Auto. Ins. Co. v Torcivia*, 277 AD2d 321 [2000]), those cases do not apply to claims for the payment of first-party benefits, ostensibly because Insurance Law § 5106 (b) mandates every insurer to provide a claimant with the option to arbitrate disputes concerning first-party benefits. Indeed, the obligation to arbitrate is not found in the policies but is imposed upon the policies by the No-Fault Law (*see Ohio Cas. Group v Avellini*, 54 AD2d 632 [1976], *affd* 43 NY2d 701 [1977]).

Here, it is undisputed that the respondents exercised their option to arbitrate the dispute over the payment of first-party benefits. It is further undisputed that AIIC is not licensed or authorized to transact business in this State. Nonetheless, AIIC's policies may be deemed to satisfy New York's financial security requirements and to provide for the payment of first-party benefits, which necessarily includes affording claimants the option to arbitrate disputes involving first-party benefits (*see* Insurance Law § 5106 [b]), if it is determined that AIIC controls, is controlled by or under common control by, or is with an authorized insurer (*see* Insurance Law § 5107 [a]). Although the respondents allege that AIIC falls within that criteria, there is insufficient evidence in the record to make such a determination. Therefore, the matter must be remitted to the Supreme Court, Kings County, for a hearing on the issue of whether AIIC controls, is controlled by, or is under common control by or with an authorized insurer and, thereafter, for a new determination of the petition. Dillon, J.P., Dickerson, Austin and Duffy, JJ., concur.