Island Life Chiropractic Pain Care, PLLC, as Assignee of Dorleans, Darlene, Respondent,
against
Omni Indemnity Company, Appellant.




Freiberg, Peck & Kang, LLP (Yilo J. Kang of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered January 4, 2017, deemed from a judgment of that court entered January 24, 2017 (see CPLR 5501 [c]). The judgment, entered pursuant to the January 4, 2017 order denying defendant's motion for summary judgment dismissing the complaint and granting plaintiff's cross motion for summary judgment, awarded plaintiff the principal sum of $668.31.




ORDERED that the judgment is reversed, with $30 costs, the order entered January 4, 2017 is vacated, defendant's motion for summary judgment dismissing the complaint is granted and plaintiff's cross motion for summary judgment is denied.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that defendant had not issued an insurance policy covering the vehicle which was involved in the accident in question and that, therefore, plaintiff had sued the wrong party. Plaintiff cross-moved for summary judgment. By order entered January 4, 2017, the Civil Court denied defendant's motion and granted plaintiff's cross motion. A judgment was subsequently entered, from which the appeal is deemed to have been taken (see CPLR 5501 [c]).
In support of its motion, defendant submitted affidavits by its litigation manager and by a manager of American Independent Insurance Company (AIIC), which affidavits sufficiently established defendant's lack of coverage defense (see Great Health Care Chiropractic, P.C. v Omni Indem. Co., 40 Misc 3d 139[A], 2013 NY SlipOp 51450[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Astoria Quality Med. Supply v State Farm Mut. Auto. Ins. Co., 31 Misc 3d 138[A], 2011 NY Slip Op 50743[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Notably, the AIIC manager attested that her company had issued the policy covering the accident in question. Plaintiff failed to raise an issue of fact in response. As defendant demonstrated that plaintiff had sued the wrong insurance carrier, defendant was entitled to summary judgment dismissing the complaint (see Tam Med. Supply Corp. v Omni Indem. Co., 48 Misc 3d 142[A], 2015 NY Slip Op 51294[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Vincent Med. Servs., P.C. v Omni Indem. Co., 42 Misc 3d 142[A], 2014 NY Slip Op 50224[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]).
We note that, to the extent that plaintiff relies upon Matter of American Ind. Ins. Co. v Nova Acupuncture, P.C. (137 AD3d 1270 [2016]), such reliance is misplaced, as that case is unrelated to the issue before us, which is the propriety of suing Omni Indemnity Company.
In light of the foregoing, the judgment is reversed, the order entered January 4, 2017 is vacated, defendant's motion for summary judgment dismissing the complaint is granted and plaintiff's cross motion for summary judgment is denied.
PESCE, P.J., ALIOTTA and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 15, 2019