CURE (Citizens United Reciprocal Exch.) v Mian (2021 NY Slip Op 04100)





CURE (Citizens United Reciprocal Exch.) v Mian


2021 NY Slip Op 04100


Decided on June 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 29, 2021

Before: Manzanet-Daniels, J.P., Kern, Mazzarelli, Shulman, JJ. 


Index No. 652816/18 Appeal No. 14139 Case No. 2020-02021 

[*1]CURE (Citizens United Reciprocal Exchange), Plaintiff-Appellant,
v
Shahid Mian MD as asignee of Phillip Lambert, Defendant-Respondent.


Law Offices of Peter C. Merani, P.C., New York (Adam Waknine of counsel), for appellant.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about March 4, 2020, which, to the extent appealable, denied plaintiff's motion for leave to renew its motion for summary judgment on its claims asserting that there was no jurisdiction over it in the underlying arbitration proceedings, unanimously affirmed, with costs.
Rather than moving to vacate the varied arbitration awards pursuant to CPLR Article 75, plaintiff seeks de novo adjudication of defendant's entitlement to assigned no-fault insurance benefits of more than $5,000, following review by a master arbitrator (Insurance Law § 5106[c]). Plaintiff's initial motion for summary judgment made reference to certain AAA arbitration award decisions finding New York lacked personal jurisdiction over plaintiff, an out-of-state insurer, but plaintiff did not attach them to its motion. With its motion to "renew," plaintiff submitted these favorable decisions sustaining its jurisdictional defense. Nonetheless, this evidence "failed to meet the standard of presenting new evidence that would have changed the prior determination" (Borges v Rose, 187 AD3d 594, 595 [1st Dept 2020]; see CPLR 2221[e][2]). As with the evidence proffered with plaintiff's initial motion, such as the supporting affidavit, the new evidence did not eliminate an issue of fact as to whether plaintiff is an insurer "controlling or controlled by or under common control by or with" an "insurer authorized to transact or transacting business in this state" (Insurance Law § 5107[a]; see Matter of American Ind. Ins. Co. v Nova Acupuncture, P.C., 137 AD3d 1270, 1271 [2d Dept 2016]).
Aside from the submission of these favorable arbitration decisions, plaintiff's "motion to renew and reargue was in essence only a motion for reargument" (Abe v New York Univ., 169 AD3d 445, 448 [1st Dept 2019]) and "no appeal lies from the denial of a motion to reargue" (Borges at 595).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 29, 2021