ROBERT O. McDANIEL, Respondent, v CLARKSTOWN CENTRAL SCHOOL DISTRICT No. 1 et al., Appellants, and WORLD WIDE VOLKSWAGEN, Respondent, et al., Defendant.

Second Department, November 4, 1985

### APPEARANCES OF COUNSEL

*MacCartney, MacCartney & MacCartney* (*Harold Y. MacCartney, Jr.*, of counsel), for Clarkstown Central School District No. 1, appellant.

*Herzfeld & Rubin, P. C.* (*David B. Hamm* of counsel), for Volkswagen of America, Inc., and another, appellants.

*Lipsig, Sullivan & Liapakis, P. C.* (*Elise Hogouel Langsam* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

This is an action to recover damages for personal injuries and wrongful death. The facts of this case are set forth in more detail in the decision of this court dated May 6, 1985 (*McDaniel v Clarkstown Cent. School Dist. No. 1*, 111 AD2d 151). For the purposes of this motion only, it is not disputed that the court

correctly found that plaintiff's decedent, who was injured in 1972, and who subsequently died, allegedly as a result of those injuries, was contributorily negligent as a matter of law. This court also held that the plaintiff's first three causes of action (two separate claims for decedent's personal injuries and one derivative claim for loss of services) accrued at the time of the accident in 1972 and, accordingly, were governed by the doctrine of contributory negligence, which applies to causes of action which accrued prior to September 1, 1975 (CPLR 1413). The appellants were therefore held to be entitled to summary judgment as to those three causes of action. However, the court also held that the plaintiff's fourth cause of action to recover damages for wrongful death accrued at the time of decedent's death in 1979, so that the contributory negligence of the decedent was not a bar to recovery on that claim. Accordingly, the appellants' motions for summary judgment were denied as to the plaintiff's wrongful death cause of action, and it is this holding which we are now asked to reconsider.

The movants contend that it is a precondition to plaintiff's recovery for wrongful death that, at the time of her death, the decedent must have had a right to recover damages for personal injuries (*see, e.g., Prink v Rockefeller Center,* 48 NY2d 309, 315-316). Thus, the movants argue that since plaintiff's decedent could not, at the time of her death in 1979, recover for her personal injuries on account of her contributory negligence, the plaintiff is now barred from recovery for wrongful death.

In opposition, plaintiff argues that dismissal of his wrongful death cause of action would be in direct contravention of the terms of CPLR 1411, which provides that, in wrongful death causes of action which accrue after September 1, 1975 (CPLR 1413) "the culpable conduct attributable to the * * * decedent, including contributory negligence * * * shall not bar recovery". We are persuaded that the movants' interpretation of New York's wrongful death statute is incorrect, and that, accordingly, the plaintiff should prevail.

It is of paramount importance to note, at the outset, that a cause of action to recover damages for wrongful death is completely distinct from a cause of action based on personal injuries which survives the death of the injured party. Neither of these actions was recognized under the common law of England. The traditional rules were (1) that the dependents of a person killed as the result of a tort-feasor's wrongful conduct could not recover compensation for their loss of the victim's financial support (*Baker v Bolton,* [1808], 1 Camp 493, 170 Eng Rep 1033), and (2)

that the victim's right to recover money damages for his own pain and suffering was extinguished with his death (*Higgins v Butcher* [1606] Yelv 89, 80 Eng Rep 61).

In New York, as in most jurisdictions, these restrictive rules have been ameliorated by statute (*see, generally,* Prosser and Keeton, Torts, at 942 [5th ed]). First, the survivors of a decedent were allowed to recover for pecuniary loss with the enactment of a wrongful death statute (L 1847, ch 450) patterned after the landmark English law commonly known as Lord Campbell's Act (9 & 10 Vict, ch 93, § 1; *see, Grant v Guidotti,* 66 AD2d 545, 552-553, *affd* 49 NY2d 622). While under this statute, the dependents of a decedent could recover for financial loss resulting from the extinguishment of the decedent's earning capacity (*see, Holmes v City of New York,* 269 App Div 95, 98, *affd* 295 NY 615), the conscious pain and suffering experienced by the decedent himself prior to his demise remained an injury for which there was no redress available. Then, in 1935, this inequity was remedied in this State by the enactment of what is commonly referred to as a "survival" statute (L 1935, ch 795). The current version of the survival statute (EPTL 11-3.2 [b]) provides, in part, that "[n]o cause of action for injury to person or property is lost because of the death of the person in whose favor the cause of action existed".

These two causes of action — the surviving personal injury action and the wrongful death cause of action — are different in many respects. The two causes of action exist in order to protect the rights of different classes of persons, and the measure of damages in each action is entirely different. In contrast to an existing action, which survives the injured party's death, a wrongful death cause of action "is not a simple devolution of a cause of action which the deceased would have had * * * but * * * is an entirely new cause of action" (*Whitford v Panama R.R. Co.,* 23 NY 465, 470). This is demonstrated "by the nature of the damages recoverable and the persons for [whom] [those] benefit[s] * * * are sought. A wrongful death [cause of] action is brought not on behalf of the decedent's estate, but rather on behalf of the decedent's distributees (EPTL 5-4.1), and the damages recoverable are not in compensation for the injury sustained by the decedent, but rather for the injuries suffered by the distributees as a result of the decedent's death (EPTL 5-4.3)" (*George v Mt. Sinai Hosp.,* 47 NY2d 170, 176; *see also, Baer v Broder,* 86 AD2d 881). Wrongful death actions are brought not to compensate the decedent or his estate for the pain and suffering attendant to the injury, but rather to recover, on behalf of decedent's distributees, the pecuniary value of the

decedent's life (*Roche v St. John's Riverside Hosp.*, 96 Misc 289, *affd* 176 App Div 885).

A cause of action for damages for wrongful death may, in fact, be asserted independently of any claim for damages for personal injuries. Assume, for example, a case where a potential claimant, who subsequently dies as a result of his injuries, has failed to commence an action for damages for his personal injuries prior to his death. In that instance, the distributees of the decedent may commence a separate wrongful death action on their own behalf (EPTL 5-4.1) and may seek to have an administrator appointed under restrictive letters of administration for the sole purpose of bringing a separate wrongful death action (SCPA 702; *Central N. Y. Coach Lines v Syracuse Herald Co.*, 277 NY 110).

The distinction between these two causes of action is further illustrated by the fact that they may come into existence at different times. There is no question that, as to a cause of action based on the personal injuries suffered by a decedent, the claim accrues at the time of the injury. A wrongful death claim, on the other hand, does not come into existence until all the statutory elements of such a cause of action have been met.

Thus, turning to the facts of this case, the plaintiff was not able to assert a cause of action for wrongful death until 1979, several years after the principle of comparative negligence, which became effective September 1, 1975 (CPLR 1413), had displaced the doctrine of contributory negligence. The unambiguous terms of CPLR 1411 remove contributory negligence as a bar to plaintiff's recovery for wrongful death. Acceptance of the movants' arguments, and the grant of summary judgment against the plaintiff based on his decedent's contributory negligence, would be contrary to the express terms of CPLR article 14-A.

The movants' argument is based on a literal reading of the language of the wrongful death statute (EPTL 5-4.1 [1]) which, echoing the language of Lord Campbell's Act, states that a plaintiff administrator, as the statutory trustee of the distributees (*Wiener v Specific Pharms.*, 298 NY 346), may recover for wrongful death only where the defendants "would have been liable to the decedent * * * if death had not ensued". Construing this language strictly, the movants assert that, since the principle of comparative negligence, adopted in 1975, could not apply to her causes of action which accrued in 1972, at the time of her death in 1979 recovery of damages for her personal injuries was barred by her contributory negligence, and, therefore, the plain-

tiff may not now recover damages for decedent's wrongful death. We decline to adopt this interpretation of the statute under the facts of this case.

We agree with the general proposition that there can be no cause of action to recover damages for wrongful death unless decedent, at the time of her death, was possessed of a valid cause of action for personal injuries (*see, Littlewood v Mayor of N. Y.,* 89 NY 24 [no cause of action to recover damages for wrongful death where decedent obtained judgment during lifetime for damages for personal injuries]; *Kelliher v New York Cent. & Hudson Riv. R. R. Co.,* 212 NY 207 [where decedent, at the time of death, was barred by the Statute of Limitations from suing for personal injuries, any wrongful death claim is likewise barred]; *Barnhart v American Concrete Steel Co.,* 227 NY 531 [no cause of action to recover damages for wrongful death where decedent was barred by employment contract from suing employer for personal injuries]; *see also, Prink v Rockefeller Center,* 48 NY2d 309, *supra; Fontheim v Third Ave. Ry. Co.,* 257 App Div 147, *appeal dismissed* 289 NY 624). However, we decline to extend this principle to cases such as the instant one, where the decedent's inability to recover was caused, not by any act or omission on her part, but by a restrictive rule of law which was subsequently abolished, and which was no longer in existence at the time the wrongful death cause of action accrued.

Accordingly, upon reargument, this court adheres to its original determination.

MOLLEN, P. J., MANGANO, WEINSTEIN and KUNZEMAN, JJ., concur.

Motion granted to the extent that reargument is granted, and, upon reargument, the original determination is adhered to, and the motion is otherwise denied.