OPINION OF THE COURT
Smith, J.
The appellants claim that the respondent failed to make required contributions to union members’ pension funds and seek arbitration of the dispute. Respondent claims that the dispute concerns what union had the right to perform the work here, a jurisdictional issue not subject to arbitration under the collective bargaining agreement. The issue presented on this appeal is whether the underlying dispute is subject to arbitration under a collective bargaining agreement or whether the dispute is jurisdictional and subject to other dispute resolution mechanisms. We affirm the order of the Appellate Division because the underlying dispute between the parties is a jurisdictional matter which the parties have agreed to exclude from the arbitration procedures provided in the collective bargaining agreement.
*224 A.F.C.O. Metals, Inc. (AFCO), a company engaged in architectural metal works, entered into various contracts to perform construction work at 10 facilities from 1990 to 1992. After notifying the appropriate unions of these contracts, including Local Union 580 of the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO (Local 580), AFCO assigned 1 of the 10 projects to Local 580. Eight projects were assigned to the Westchester and New York City Carpenters Unions. All of the projects were duly completed.
A collective bargaining agreement governs labor relations between AFCO and Local 580.[1] Section I of the collective bargaining agreement provides, in relevant part:
"It is agreed that the jurisdiction of work covered by this Agreement is that provided for in the charter grant issued by the American Federation of Labor to the International Association of Bridge, Structural and Ornamental Iron Workers, it being understood that the claims are subject to trade agreements as well as the decisions and awards rendered by the Building Trades Employers’ Association of the City of New York made pursuant to the Joint Trade Arbitration Plan of the New York Building Trades adopted July 9, 1903 with respect to all jurisdictional disputes which may arise under this Agreement.”
Furthermore, section XXII of the collective bargaining agreement, entitled "Grievance and/or Arbitration Procedures” provides in subdivision (f):
"The foregoing provisions for arbitration are not intended and shall not be construed as in anywise qualifying or making subject to change any provisions of this Agreement, including, but not limited to the handling of negotiations for a new Agreement, change in wage scale or jurisdictional disputes.”
The collective bargaining agreement also requires AFCO, as the employer, to make contributions to seven employee benefit funds (collectively, the Funds) maintained on behalf of Local 580 workers, and states that for every fund:
*225 "The required Employer contributions to this Fund shall be made for each straight time hour paid to each employee at the rates stated in Section IX, and for each premium hour paid to each employee, the contribution shall be at premium rates. Premium time is defined in Section VII (b).”
Section XXXI (f) requires arbitration of any dispute arising "in connection with the failure of an Employer to make the required payments to any of the Funds.”
In 1992, after conducting an audit of AFCO, Local 580 determined that AFCO had underpaid the Funds from July 1, 1990 to June 30, 1992 on the theory that the eight projects assigned to the Carpenters Unions during this period should have been allocated to Local 580 employees. Appellants (Local 580 and the trustees for the Funds) subsequently served AFCO with a demand for arbitration seeking the contributions which AFCO would have made to the Funds if the work assigned to the Carpenters Unions had been performed by Local 580 workers. AFCO allegedly owed additional contributions because the work assigned to the Carpenters Unions constituted "work covered” under the collective bargaining agreement with Local 580 even if Local 580 members did not actually perform the work.[2]
AFCO filed a petition to stay the arbitration in Supreme Court, characterizing its dispute with appellants as jurisdictional, and subject to other dispute resolution procedures, because the matter involved competing claims to the same work by different unions. Appellants argued that the parties were embroiled in a fund delinquency, rather than a jurisdictional dispute because the obligation to make contributions to the Funds hinged on the existence of "covered work”, and not the union affiliation of the employees working on the projects.
Supreme Court dismissed AFCO’s petition to stay the arbitration on the grounds that the dispute did not involve jurisdictional issues and that the parties had agreed to arbitrate disputes over employer contributions to the Funds under section XXXI (f) of the collective bargaining agreement. The Appellate Division reversed, and held that the parties’ dispute fell outside of the arbitration clause in section XXXI (f) because fund contributions were being sought for work that had not been performed by Local 580 members. The Appellate Division *226 also found the dispute involved jurisdictional matters governed by procedures enumerated in various agreements outside of the collective bargaining agreement. The arbitration noticed by appellants was permanently stayed.
The threshold question of whether a matter is subject to arbitration must be determined from the terms of the agreement containing the arbitration clause. "The agreement to arbitrate must be express, direct, and unequivocal as to the issues or disputes to be submitted to arbitration” (Gangel v De-Groot, 41 NY2d 840, 841; see also, Bowmer v Bowmer, 50 NY2d 288, 293-294).
A jurisdictional dispute is one "between two or more groups of employees over which is entitled to do certain work for an employer” (National Labor Relations Bd. v Radio & Tel. Broadcast Engrs. Union, 364 US 573, 579). The claim that AFCO owes additional contributions to the Funds assumes that the work awarded to the Carpenters Unions constitutes work covered under the collective bargaining agreement between AFCO and Local 580, and that the work should have been given to Local 580 workers. AFCO has contended that it properly assigned work to the Carpenters Unions pursuant to the documents alluded to in section I of the collective bargaining agreement, which govern the jurisdiction of work. Thus, despite arguments to the contrary, the parties are engaged in a jurisdictional dispute because the parties differ over work assignments and who has the right to perform certain work.
Appellants simply do not answer respondent’s contention that the work awarded to the Carpenters Unions did not constitute work covered under the collective bargaining agreement. Instead, appellants focus on whether "employee,” as used in the various sections governing contributions to the Funds, encompasses workers who do not belong to Local 580. However, because appellants freely concede that their claim to additional contributions depends on the existence of work covered by the collective bargaining agreement, submission of this dispute to arbitration would necessarily require the arbitrator to interpret the term "covered work”. Since the collective bargaining agreement provides that its arbitration provisions do not apply to jurisdictional disputes, the arbitration noticed by Local 580 and the trustees was properly stayed. We do not determine any other issue in this appeal.
*227 Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Levine and Ciparick concur.
Order affirmed, with costs.

. Although the collective bargaining agreement in the record is between Allied Building Metal Industries, Inc. and Local 580, the agreement is apparently a "master” which AFCO has adopted and incorporated by reference in a separate agreement between AFCO and Local Union 580.

. Section V of the collective bargaining agreement, entitled "Work Covered”, describes the type of work which Local 580 workers perform.