■ WILLIAM J. DiTOLLA, Appellant, v DORAL DENTAL IPA OF NEW YORK, LLC, et al., Respondents. [865 NYS2d 291]—

In a class action for an accounting, the plaintiff appeals from an order of the Supreme Court, Nassau County (DeMaro, J.), entered March 2, 2007, which granted the defendants' motion to compel arbitration.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion to compel arbitration is denied.

In February 2006 the plaintiff Dr. William J. DiTolla commenced this class action seeking an accounting to determine if the defendants had mismanaged funds owed him and members of the class. According to the complaint, the plaintiff and class members had entered into an agreement with the defendants whereby the plaintiff and other dentists agreed to provide dental services to certain individuals who are insured by Medicaid and the defendants agreed to pay the dentists according to a defined fee schedule. The Supreme Court granted the defendants' motion to compel arbitration of the plaintiff's accounting claim in accordance with the arbitration clause in the parties' agreement. We reverse.

Contrary to the Supreme Court's determination, the arbitration clause in the parties' agreement, by its express terms, does not encompass a claim for an accounting. The arbitration clause applies only to "a dispute regarding payment . . . involving a contention by one party that the other has failed to perform its obligations and responsibilities under this Agreement." This is solely an action for an accounting. The complaint contains no specific allegations of any wrongdoing on behalf of the defendants, and no damages are sought (*see generally Matter of A.F.C.O. Metals [Local Union 580 of Intl. Assn. of Bridge, Structural & Ornamental Iron Workers, AFL-CIO]*, 87 NY2d 222, 226 [1995]; *Matter of Waldron [Goddess]*, 61 NY2d 181, 183 [1984]; *see also Goldstein v Doral Dental Serv. of PA*, 2004 WL 2979757, 2005 Phila Ct Com Pl LEXIS 168 [PA Ct of Common Pleas 2004]). Under the circumstances, the Supreme Court erred in granting the defendants' motion to compel arbitration. Mastro, J.P., Lifson, Carni and Eng, JJ., concur.