■ CHANANYA GLAUBER, Respondent, v G & G QUALITY CLOTHING, INC., et al., Appellants, et al., Defendant. [21 NYS3d 335]—

In an action, inter alia, to recover damages for breach of contract, the defendants G & G Quality Clothing, Inc., Ahron Glauber, and Yonah Glauber appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated March 24, 2014, as denied that branch of their cross motion which was to compel arbitration and granted the plaintiff's motion pursuant to CPLR 6301 to preliminarily enjoin them from terminating his health insurance coverage.

Ordered that the order is affirmed insofar as appealed from, with costs.

A party to an agreement will not be compelled to arbitrate, and thereby, to surrender the right to resort to courts, in the absence of evidence affirmatively establishing that the parties expressly agreed to arbitrate the dispute at hand (*see God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP*, 6 NY3d 371, 374 [2006]; *Matter of Waldron [Goddess]*, 61 NY2d 181, 183-184 [1984]; *Matter of Salzman v Electric Ins. Co.*, 80 AD3d 768, 769 [2011]; *Matter of State Farm Mut. Auto. Ins. Co. v Juma*, 44 AD3d 963 [2007]). "The agreement to arbitrate must be express, direct, and unequivocal as to the issues or disputes to be submitted to arbitration" (*Gangel v DeGroot*, 41 NY2d 840, 841 [1977]; *see Matter of A.F.C.O. Metals [Local Union 580 of Intl. Assn. of Bridge, Structural & Ornamental Iron Workers, AFL-CIO]*, 87 NY2d 222, 226 [1995]; *Matter of Waldron [Goddess]*, 61 NY2d at 183-184). Here, the

severance agreement at issue contains no arbitration clause. Moreover, contrary to the appellants' contention, the arbitration clause contained in a separate shareholders' agreement does not evince an express, direct, and unequivocal agreement by the parties to arbitrate any dispute that arises between them, much less those, as here, that do not relate to the shareholders' agreement. The appellants' remaining contentions are without merit. Accordingly, the Supreme Court properly denied that branch of their cross motion which was to compel arbitration.

The Supreme Court providently exercised its discretion in granting the plaintiff's motion to preliminarily enjoin the appellants from terminating his health insurance coverage pending final resolution of this action. The plaintiff demonstrated a probability of success on the merits, a danger of irreparable injury if the preliminary injunction is withheld, and that the balance of the equities tipped in his favor (see CPLR 6301; *Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]; *Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862 [1990]; *Butt v Malik*, 106 AD3d 849, 850 [2013]; *Matter of 1650 Realty Assoc., LLC v Golden Touch Mgt., Inc.*, 101 AD3d 1016, 1017-1018 [2012]). Dillon, J.P., Hall, Cohen and Barros, JJ., concur.