■ SUTPHIN RETAIL ONE, LLC, Respondent, v SUTPHIN AIR-TRAIN REALTY, LLC, et al., Appellants. [40 NYS3d 457]—

In an action, inter alia, for specific performance of a buyout

provision in an operating agreement, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), entered December 22, 2014, as denied their motion to compel arbitration and stay all proceedings in the action pending arbitration, and granted that branch of the plaintiff's motion which was for summary judgment on the cause of action for specific performance of a buyout provision in an operating agreement.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendants' motion to compel arbitration and stay all proceedings in the action pending arbitration is granted, and that branch of the plaintiff's motion which was for summary judgment on the cause of action for specific performance of a buyout provision in an operating agreement is denied.

The plaintiff commenced this action, inter alia, for specific performance of a buyout provision in its operating agreement. The defendant Sutphin Airtrain Realty, LLC (hereinafter SAR), holds a 40% membership interest in the plaintiff. The plaintiff sought to compel SAR and the owner of SAR, the defendant Robin Eshaghpour (hereinafter together the defendants), to accept payment, as provided for in the operating agreement, in exchange for SAR's membership interest. Prior to discovery, the plaintiff moved, inter alia, for summary judgment on the cause of action for specific performance of the buyout provision of its operating agreement. The defendants opposed the motion, arguing that the plaintiff failed to perform a condition precedent to enforcement of the buyout provision. The defendants also moved to compel arbitration and stay all proceedings in the action pending arbitration, arguing that the operating agreement specifically required that any dispute arising thereunder be submitted to arbitration. The Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the cause of action for specific performance and denied the defendants' motion. We reverse.

The Supreme Court erred in denying the defendants' motion to compel arbitration and stay all proceedings in the action pending arbitration. "A party aggrieved by the failure of another to arbitrate may apply for an order compelling arbitration. Where there is no substantial question whether a valid agreement was made or complied with, . . . the court shall direct the parties to arbitrate" (CPLR 7503 [a]). "The agreement [to arbitrate] must be clear, explicit and unequivocal[,] and must not depend upon implication or subtlety" (*Matter of Waldron [Goddess]*, 61 NY2d 181, 183-184 [1984] [citations

omitted]; *see God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP*, 6 NY3d 371, 374 [2006]; *Matter of Miller*, 40 AD3d 861, 861-862 [2007]).

Here, the arbitration clause in the operating agreement was sufficiently broad to include the dispute at issue in this case, as it specifically provided that "any controversy or dispute arising out of or relating to this Agreement" shall be arbitrated. The instant dispute involves the plaintiff's enforcement of a buyout provision of the operating agreement. Although the plaintiff argues that the operating agreement does not grant the arbitrator the authority to award specific performance, it would be premature to conclude that the arbitrator would exceed the scope of his or her powers and make an award that exceeded the authority delineated under the operating agreement. Arbitrators "are in the final analysis empowered to 'do justice and the award may well reflect the spirit rather than the letter of the agreement' " (*Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.*, 45 NY2d 411, 418 [1978], quoting *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582 [1977]; *see Lentine v Fundaro*, 29 NY2d 382, 386 [1972]). Therefore, the appropriate inquiry is whether the dispute is governed by the arbitration agreement and not whether the arbitrator has the authority to award the specific relief sought by the plaintiff in the complaint (*see Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 309 [1984]; *Zachariou v Manios*, 68 AD3d 539, 540 [2009]). As the dispute involves the application of a provision of the operating agreement, the matter is subject to arbitration regardless of whether the arbitrator has the power to award specific performance, which was sought by the plaintiff in its complaint. Accordingly, the Supreme Court should have granted the defendants' motion to compel arbitration and stay all proceedings in the action pending arbitration (*see* CPLR 7503 [a]).

Contrary to the plaintiff's contention, the defendants did not waive their right to arbitrate. Since the period of time between the service of the defendants' answer and their motion to compel arbitration was not lengthy, the defendants' conduct in this regard did not serve to waive the right to arbitrate (*see Byrnes v Castaldi*, 72 AD3d 718, 720 [2010]).

In light of our determination that the Supreme Court should have granted the defendants' motion to compel arbitration and stay all proceedings in the action pending arbitration, it necessarily follows that the court improperly granted that branch of the plaintiff's motion which was for summary judgment on the cause of action for specific performance of the buyout provision

in the operating agreement. Balkin, J.P., Hall, Austin and Sgroi, JJ., concur.