# United States Court of Appeals
## For the First Circuit

No. 18-1779

GGNSC ADMINISTRATIVE SERVICES, LLC; GOLDEN GATE NATIONAL SENIOR
CARE, LLC; GGNSC HOLDINGS, LLC; GGNSC CHESTNUT HILL, LLC, d/b/a
Golden Living Center - Heathwood,

Plaintiffs, Appellees,

v.

JACKALYN M. SCHRADER, as the personal representative of the
estate of Emma J. Schrader,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, U.S. District Judge]

Before

Howard, Chief Judge,
Lynch and Lipez, Circuit Judges.

John Vail, with whom John Vail Law, PLLC, Daniel T. Landry,
David J. Hoey, and Law Offices of David J. Hoey, P.C. were on
brief, for appellant.
William Alvarado Rivera, Meryl D. Grenadier, and Kelly R.
Bagby on brief for AARP and AARP Foundation, amici curiae.
Robert E. Curtis, Jr. on brief for Massachusetts Advocates
for Nursing Home Reform, amicus curiae.
Joseph M. Desmond, with whom Justin L. Amos and Morrison
Mahoney LLP were on brief, for appellees.

May 11, 2020

**LYNCH**, **Circuit Judge**.  On February 26, 2019, we certified two questions in this case to the Massachusetts Supreme Judicial Court ("SJC").  GGNSC Admin. Servs., LLC v. Schrader, 917 F.3d 20, 25 (1st Cir. 2019).  On February 27, 2020, the SJC issued its opinion.  The SJC wrote:

> We conclude that claims of statutory beneficiaries under our wrongful death statute, G. L. c. 229, § 2, are derivative of the decedent's own cause of action, and that therefore the decedent's arbitration agreement binds those beneficiaries.  We also conclude that, in the circumstances of this case, the arbitration agreement binds the executor or administrator of the decedent's estate to arbitrate the wrongful death action on behalf of the decedent's statutory beneficiaries.

GGNSC Admin. Servs., LLC v. Schrader, 140 N.E.3d 397, 407 (Mass. 2020).  We then ordered the parties to file supplemental briefs addressing the resolution of this appeal in light of the SJC's opinion.

Appellees argue that the SJC's decision requires us to affirm the district court's judgment compelling arbitration.  They argue that the SJC's decision "resolves the previously unsettled state law questions presented to it for certification" and that "this Court must now accept and apply the state law as determined."

Appellant disagrees.  She makes several assertions, all of which are without merit.

Appellant first argues that the SJC's decision rests on a "patent misreading" of the Massachusetts wrongful death statute. She urges that this court is "not obliged to accept an interpretation based on clear error in reading -- regardless of the source." But a federal court is "duty-bound to accept controlling state law" as set forth by a state's highest court, and, in this case, "it is incumbent upon us to accept the clear statement of Massachusetts law articulated by the SJC." Sanders v. Phoenix Ins. Co., 843 F.3d 37, 47 (1st Cir. 2016). Appellant's argument is wrong that this court may now reject the SJC's interpretation of Massachusetts law.

Appellant describes her next argument as "that the state court's incorrect interpretation of the statute violates the Federal Arbitration Act." But, despite this passing reference to the Federal Arbitration Act ("FAA"), appellant develops no argument based on the FAA. Her brief does not cite the FAA or federal cases construing the FAA. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

Finally, appellant asserts that beneficiaries of wrongful death claims in cases where decedents agreed to arbitrate will now be unfairly prejudiced in violation of the Equal Protection Clause. Although she argues that strict scrutiny should

apply to the SJC's classification, she cites no authority whatsoever for this proposition. This purported equal protection claim is also waived for lack of developed argument. See id. Even if not waived, it is meritless.

"Under traditional equal protection analysis, a legislative classification must be sustained, if the classification itself is rationally related to a legitimate governmental interest." U.S. Dep't of Agric. v. Moreno, 413 U.S. 528, 533 (1973). The SJC held that "claims of statutory beneficiaries under our wrongful death statute . . . are derivative of the decedent's own cause of action, and that therefore the decedent's arbitration agreement binds those beneficiaries." GGNSC Admin. Servs., LLC, 140 N.E.3d at 407. As the SJC observed, "the decedent alone had the right to decide whether the beneficiaries must arbitrate those claims." Id. at 406. This fulfills "[t]he Legislature['s] . . . inten[t that] wrongful death rights . . . remain tied to the decedent's action." Id. at 404. Allowing decedents to agree to arbitration of their beneficiaries' wrongful death claims advances that government interest, as well as Massachusetts's "strong public policy in favor of arbitration in commercial disputes." Id. at 406. It does not infringe beneficiaries' equal protection rights.

The judgment of the district court compelling arbitration is affirmed. No costs are awarded.