Ferarro v East Coast Dormer, Inc. (2022 NY Slip Op 05679)

Ferarro v East Coast Dormer, Inc.

2022 NY Slip Op 05679

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
PAUL WOOTEN, JJ.

2020-01215
 (Index No. 609136/18)

[*1]Steven Ferarro, et al., plaintiffs, 
v
East Coast Dormer, Inc., defendant third-party plaintiff-appellant, et al., defendant; Signature Building Systems of Pennsylvania, LLC, third-party defendant-respondent.

Haber & Haber, LLP, Garden City, NY (Stephen D. Haber of counsel), for defendant third-party plaintiff-appellant.
Joseph, Terracciano & Lynam, LLP, Syosset, NY (Peter J. Terracciano and Janine T. Lynam of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, and a third-party action for indemnification and contribution, the defendant third-party plaintiff appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered January 13, 2020. The order, in effect, granted those branches of the third-party defendant's motion which were pursuant to CPLR 7503 to compel arbitration and CPLR 3211(a)(1) to dismiss the third-party complaint.
ORDERED that the order is reversed, on the law, with costs, that branch of the third-party defendant's motion which was pursuant to CPLR 3211(a)(1) to dismiss the third-party complaint is denied, and the matter is remitted to the Supreme Court, Nassau County, for a framed-issue hearing in accordance herewith, and a new determination thereafter of that branch of the third-party defendant's motion which was pursuant to CPLR 7503 to compel arbitration.
The plaintiffs commenced this action against, among others, East Coast Dormer, Inc. (hereinafter East Coast), alleging, inter alia, that East Coast negligently installed in their home a modular second-floor addition. East Coast then commenced a third-party action against Signature Building Systems of Pennsylvania, LLC (hereinafter Signature), the manufacturer of the second-floor addition, seeking indemnification and contribution. Signature moved, inter alia, pursuant to CPLR 7503 to compel arbitration of East Coast's indemnification and contribution claims and pursuant to CPLR 3211(a)(1) to dismiss the third-party complaint. In an order entered January 13, 2020, the Supreme Court, in effect, granted those branches of Signature's motion, and East Coast appeals.
"Arbitration is favored in New York State as a means of resolving disputes, and courts should interfere as little as possible with agreements to arbitrate" (Shah v Monpat Constr., Inc., 65 AD3d 541, 543; see Matter of Smith Barney Shearson v Sacharow, 91 NY2d 39, 49-50). However, "by agreeing to arbitrate a party waives in large part many of his [or her] normal rights under the procedural and substantive law of the State, and it would be unfair to infer such a significant waiver on the basis of anything less than a clear indication of intent" (Matter of Marlene Indus. Corp. [Carnac Textiles], 45 NY2d 327, 333-334). Thus, "a party will not be compelled to [*2]arbitrate and, thereby, to surrender the right to resort to the courts, absent 'evidence which affirmatively establishes that the parties expressly agreed to arbitrate their disputes'" (Matter of Waldron [Goddess], 61 NY2d 181, 183, quoting Schubtex, Inc. v Allen Snyder, Inc., 49 NY2d 1, 6). "The agreement must be clear, explicit and unequivocal and must not depend upon implication or subtlety" (Matter of Waldron [Goddess], 61 NY2d at 183-184 [citations omitted]). Where there is a substantial question whether a valid agreement to arbitrate was made, "it shall be tried forthwith" (CPLR 7503[a]).
Here, in seeking to compel arbitration, Signature relies upon a "home purchase agreement" that East Coast and Signature executed in 2008, approximately five years before they entered into the transaction at issue concerning the second-floor addition for the plantiffs' house. Signature contends that the home purchase agreement executed in 2008, which contains a broad arbitration clause, governed every project between Signature and East Coast thereafter. However, there is no provision in the home purchase agreement which unambiguously provides that the contract will apply to all future projects between East Coast and Signature. Further, although there is preprinted language on the form executed for the subject second-story addition purporting to incorporate the terms and conditions of a home purchase agreement, the blank spaces in that provision, including spaces for the name of the party to be bound and the date of the home purchase agreement intended to be incorporated, are left blank. East Coast disputes that the 2008 home purchase agreement applied to the transaction at issue.
Under these circumstances, questions of fact exist as to whether the parties agreed to arbitrate the instant dispute, which questions require a hearing (see CPLR 7503[a]; McCarthy v Sea Crest Health Care Ctr., LLC, 189 AD3d 818, 820). We therefore remit the matter to the Supreme Court, Nassau County, for a framed-issue hearing, and thereafter, a new determination of that branch of Signature's motion which was pursuant to CPLR 7503 to compel arbitration.
However, the Supreme Court should have denied that branch of Signature's motion which was pursuant to CPLR 3211(a)(1) to dismiss the third-party complaint based upon the arbitration agreement. "An agreement to arbitrate is not a defense to an action," and "[t]hus, it may not be the basis for a motion to dismiss" (Allied Bldg. Inspectors Intl. Union of Operating Engrs., Local Union No. 211, AFL-CIO v Office of Labor Relations of City of N.Y., 45 NY2d 735, 738; see Wilson v PBM, LLC, 193 AD3d 22, 40; Mozzachio v Schanzer, 188 AD3d 873, 876). The proper remedy, should a valid agreement to arbitrate exist, is an order compelling arbitration, which operates to stay the action (see CPLR 7503[a]; Wilson v PBM, LLC, 193 AD3d at 40).
DILLON, J.P., IANNACCI, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court