Matter of Mirzakandov v Mazal U Bracha, LLC (2023 NY Slip Op 02663)

Matter of Mirzakandov v Mazal U Bracha, LLC

2023 NY Slip Op 02663

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2020-06322
 (Index No. 717464/18)

[*1]In the Matter of Uriyel Mirzakandov, etc., et al., appellants, 
v
Mazal U Bracha, LLC, etc., respondent, Boris Musheyev, respondent-respondent.

Warren S. Hecht, Forest Hills, NY, for appellants.
Bruce Levinson, Katonah, NY, for respondent-respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated November 22, 2017, the petitioners appeal from an order of the Supreme Court, Queens County (Joseph J. Risi, J.), entered July 20, 2020. The order denied the petition and dismissed the proceeding.
ORDERED that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, the petition is granted insofar as asserted against the respondent Mazal U Bracha, LLC, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith and a new determination thereafter of the petition insofar as asserted against the respondent Boris Musheyev.
In 2018, the petitioners commenced this proceeding pursuant to CPLR article 75 to confirm an arbitration award against Mazal U Bracha, LLC (hereinafter the LLC), and the LLC's principal, Boris Musheyev. The arbitration award had been issued by a rabbinical court on November 22, 2017, and was in favor of the petitioners in the amount of $310,000 against Musheyev and the LLC, effectively declaring them each jointly and severally liable for the amount awarded. Musheyev opposed the petition; the LLC did not answer or otherwise appear. By order dated June 28, 2019, the Supreme Court denied the petition without prejudice to renew upon proper papers, concluding, sua sponte, that the petitioners "failed to present evidence that the award was affirmed or served in accordance with CPLR . . . 7507."
Thereafter, the petitioners renewed the petition to confirm the arbitration award. They submitted evidence in support thereof establishing that the rabbinical court delivered the award to Musheyev and the LLC via an email sent to Musheyev in November 2017. Musheyev opposed the renewed petition, asserting, inter alia, that he never agreed to arbitration in his individual capacity and that the petitioners offered no proof that the arbitrators affirmed the award in compliance with CPLR 7507. In reply, the petitioners, among other things, submitted affidavits from the three arbitrators that served to affirm the award. By order entered July 20, 2020, the Supreme Court denied the petition and dismissed the proceeding. The petitioners appeal.
CPLR 2001 permits a court to disregard a party's "mistake, omission, defect or irregularity . . . if a substantial right of a party is not prejudiced." A court may therefore consider materials submitted in reply that serve to correct procedural, technical, and/or ministerial defects in a party's moving papers by exercising its discretion pursuant to CPLR 2001, so long as the opposing party suffers no prejudice (see Montalvo v Episcopal Health Servs., Inc., 172 AD3d 1357, 1359; Torres v Board of Educ. of City of N.Y., 137 AD3d 1256, 1257).
Here, the Supreme Court should have considered the arbitrators' affidavits submitted with the petitioners' reply papers, as the act of affirming an arbitration award is "'ministerial'" in nature (MBNA Am. Bank, N.A. v Anastasio, 35 AD3d 474, 475, quoting Abreu v Nationwide Mut. Ins. Co., 87 AD2d 572, 572). Thus, under these circumstances, the court should have accepted the affidavits submitted in reply pursuant to CPLR 2001. Since the LLC never appeared in this proceeding, and the award complied with the requirements of CPLR article 75, the court should have granted the petition to confirm the arbitration award insofar as asserted against the LLC.
With respect to Musheyev's contention that he never agreed to arbitration in his individual capacity, although the Supreme Court did not reach this issue, we do so in the interest of judicial economy, since the record is fully developed and the parties briefed these issues before the Supreme Court and on appeal (see Wilmington Sav. Fund Socy., FSB v Zabrowsky, 212 AD3d 866, 868; Matter of Balbuenas v New York City Health & Hosps. Corp., 209 AD3d 642, 644).
"[A] party will not be compelled to arbitrate and, thereby, to surrender the right to resort to the courts, absent evidence which affirmatively establishes that [he or she] expressly agreed to arbitrate the[ ] dispute[ ]" at issue (Ferarro v East Coast Dormer, Inc., 209 AD3d 717, 718 [internal quotation marks omitted]). "The agreement must be clear, explicit[,] and unequivocal and must not depend upon implication or subtlety" (id. at 718 [internal quotation marks omitted]). The issue of whether such an agreement to arbitrate exists, or whether a party is a signatory to an otherwise valid arbitration agreement, "is for the court and not the arbitrator to determine" (Matter of Jalas v Halperin, 85 AD3d 1178, 1181). Here, questions of fact exist regarding whether Musheyev agreed to arbitrate the dispute in his individual capacity, since the arbitration agreement and addendum thereto did not clearly and unequivocally establish that he signed them in his individual capacity, as opposed to in his capacity as a representative of the LLC (see Rubinstein v C & A Mktg., Inc., 205 AD3d 832, 834-835; Blizzard Cooling, Inc. v Park Devs. & Bldrs., Inc., 134 AD3d 867, 869). Therefore, this matter must be remitted to the Supreme Court, Queens County, for a hearing on the issue of whether Musheyev agreed to arbitrate this dispute in his individual capacity, and for a new determination thereafter of the petition insofar as asserted against him (see Wolf v Hollis Operating Co., LLC, 211 AD3d 769, 771; Ferarro v East Coast Dormer, Inc., 209 AD3d at 718).
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
DILLON, J.P., DUFFY, CHRISTOPHER and ZAYAS, JJ., concur.

2020-06322 DECISION & ORDER ON MOTION
In the Matter of Uriyel Mirzakandov, etc.,
et al., appellants, v Mazal U Bracha, LLC,
etc., respondent, Boris Musheyev,
respondent-respondent.
(Index No. 717464/18)

Motion by the respondent-respondent on an appeal from an order of the Supreme Court, Queens County, entered July 20, 2020, to strike Point I of the appellants' brief and for an award of costs and attorney's fees. By decision and order on motion of this Court dated February 7, 2022, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is denied.
DILLON, J.P., DUFFY, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court