Marinos v Brahaj (2025 NY Slip Op 03561)

Marinos v Brahaj

2025 NY Slip Op 03561

Decided on June 11, 2025

Appellate Division, Second Department

McCormack, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-05028
 (Index No. 506253/22)

[*1]George Marinos, etc., et al., appellants, 
v
Astrit Brahaj, defendant, Frank Reig, et al., respondents.

APPEAL by the plaintiffs, in an action to recover damages for personal injuries and wrongful death, etc., from an order of the Supreme Court (Carolyn E. Wade, J.), dated April 20, 2023, and entered in Kings County. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was to stay arbitration of the cause of action alleging wrongful death insofar as asserted against the defendants Frank Reig, Paul Shuey, and Revel Transit, Inc., and granted that branch of those defendants' cross-motion which was to compel arbitration of the cause of action alleging wrongful death insofar as asserted against them.

Napoli Shkolnik, PLLC (Joseph Napoli and Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellants.
Haworth Barber & Gerstman, LLC, New York, NY (Jennifer Bruder of counsel), for respondents.

MCCORMACK, J.

OPINION & ORDER
In this negligence and wrongful death action, the plaintiffs, George Marinos and Josephine Belli-Marinos, as administrators of the estate of Andreas N. Belli-Marinos (hereinafter the decedent) and individually, moved to stay arbitration of negligence causes of action the plaintiffs asserted on behalf of the decedent's estate insofar as asserted against the defendants Revel Transit, Inc. (hereinafter Revel), Frank Reig, and Paul Shuey (hereinafter collectively the Revel defendants), and a wrongful death cause of action the plaintiffs asserted on behalf of themselves individually insofar as asserted against the Revel defendants. The Revel defendants opposed the motion and cross-moved to compel arbitration of all causes of action insofar as asserted against them. On the plaintiffs' appeal from the order, inter alia, denying their motion to stay arbitration and granting the Revel defendants' cross-motion to compel arbitration, the plaintiffs argue that the wrongful death cause of action insofar as asserted against the Revel defendants should not be subject to arbitration. The question this Court must decide, as a matter of first impression, is whether a wrongful death cause of action asserted by a decedent's administrator individually, and which arises from the same facts as a negligence cause of action, is subject to an arbitration clause the decedent entered into. For the reasons set forth below, we determine that the wrongful death cause of action is not subject to the arbitration clause and can be heard by the Supreme Court.
I. Relevant Facts
On September 19, 2021, the decedent was operating a rented electric moped in Manhattan. He had rented the moped from Revel using an app. To rent a moped from Revel, Revel required that a user download its app and become a member of Revel. The decedent had become a member of Revel on April 8, 2021, and had rented a moped from Revel 74 times prior to the date [*2]of the accident. As alleged in the complaint, at approximately 11:15 p.m., at or near the intersection of 1st Avenue and East 47th Street in Manhattan, the decedent was ejected from the moped and into the street. He was then hit by a vehicle operated and owned by the defendant Astrit Brahaj. It is alleged that being hit by the vehicle caused the injuries that resulted in the decedent's death. The plaintiffs are the decedent's parents and commenced this action, among other things, to recover damages for personal injuries and wrongful death against the defendants.
When a user downloads Revel's app for the purpose of renting a moped, they are presented with a series of pages that they must acknowledge through "clicks." One page that users must acknowledge is an agreement that contains an arbitration clause. For the purpose of this appeal, it is conceded that the negligence causes of action asserted on behalf of the decedent's estate insofar as asserted against the Revel defendants are subject to the arbitration clause and must proceed to arbitration.
II. This Appeal
The plaintiffs commenced this negligence and wrongful death action on March 2, 2022. The Revel defendants served an answer and a demand for arbitration on April 4, 2022. The plaintiffs then moved to stay arbitration of the causes of action insofar as asserted against the Revel defendants. In support of their motion, the plaintiffs argued, inter alia, that they were not bound by the arbitration clause because they did not sign the agreement and were not the decedent's successors or assigns, but were court-appointed administrators of the decedent's estate. The Revel defendants opposed the motion and cross-moved to compel arbitration of the causes of action insofar as asserted against them. In support of their cross-motion, the Revel defendants argued, among other things, that the "successors and assigns" language in the arbitration clause binds the plaintiffs because they stand in the shoes of the decedent, who entered into the agreement containing the arbitration clause, and therefore, the causes of action insofar as asserted against them must be determined by arbitration. In an order dated April 20, 2023, the Supreme Court, inter alia, denied the plaintiffs' motion and granted the Revel defendants' cross-motion, finding that the plaintiffs, as the court-appointed administrators of the decedent's estate, were bound by the decedent's agreement to arbitrate. The plaintiffs appeal.
On appeal, the plaintiffs argue that the wrongful death cause of action is not derivative of the negligence causes of action and that EPTL 5-4.1 confers upon them the individual, independent right to pursue a wrongful death cause of action on their own behalf against the Revel defendants. The Revel defendants argue that the arbitration clause applies to the plaintiffs as administrators of the decedent's estate and individually based upon the language in the arbitration clause stating that it applies to the user's "successors and assigns." The Revel defendants further argue that the Federal Arbitration Act (hereinafter the FAA) (9 USC § 1 et seq.) applies to this case and, therefore, arbitration of the wrongful death cause of action insofar as asserted against them is mandatory. In reply, the plaintiffs argue that the wrongful death cause of action is based upon their own pecuniary loss and is not based upon their roles as administrators of the decedent's estate. The plaintiffs further argue that the FAA does not apply and does not mandate that the plaintiffs arbitrate the wrongful death cause of action insofar as asserted against the Revel defendants.
III. Whether this Court Should Consider the Plaintiffs' Arguments Raised for the First Time on Appeal
In their brief, the plaintiffs eschew the arguments raised on the motion and the cross-motion before the Supreme Court and, instead, argue that the wrongful death cause of action insofar as asserted against the Revel defendants should not be subject to arbitration because that cause of action is asserted by the plaintiffs individually. In general, issues raised for the first time on appeal are not properly before this Court (see Wells Fargo Bank v Islam, 174 AD3d 670). Allowing a party to raise an issue for the first time on appeal prevents the opposing party from making a factual record in order to challenge the new arguments (see Matter of Matarrese v New York City Health & Hosps. Corp., 247 AD2d 475). An exception to this rule is where the new issue "presents a pure question of law that appears on the face of the record and could not have been avoided if raised at the proper juncture" (Teva Realty, LLC v Cornaga Holding Corp., 226 AD3d 723, 725). Here, whether the wrongful death cause of action insofar as asserted against the Revel defendants is subject to the arbitration clause presents a pure question of law, and therefore, the exception applies to this case.
IV. Whether the Wrongful Death Cause of Action Insofar as Asserted Against the Revel Defendants Is Subject to the Arbitration Clause
New York public policy favors arbitration as a method of dispute resolution (see Ferarro v East Coast Dormer, Inc., 209 AD3d 717, 717; Markowits v Friedman, 144 AD3d 993, 996; Ibarra v 101 Park Rest. Corp., 140 AD3d 700, 702). "[O]n a motion to compel or stay arbitration, a court must determine, 'in the first instance . . . whether parties have agreed to submit their disputes to arbitration and, if so, whether the disputes generally come within the scope of their arbitration agreement'" (Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 152 AD3d 567, 569, quoting Sisters of St. John the Baptist, Providence Rest Convent v Geraghty Constructor, 67 NY2d 997, 998; see Revis v Schwartz, 192 AD3d 127, 134, affd 38 NY3d 939). "The burden of proof is on the party seeking arbitration" (Matter of Cusimano v Berita Realty, LLC, 103 AD3d 720, 721; see Wolf v Hollis Operating Co., LLC, 211 AD3d 769, 770).
"A party to an agreement will not be compelled to arbitrate, and thereby, to surrender the right to resort to courts, in the absence of evidence affirmatively establishing that the parties expressly agreed to arbitrate the dispute at hand" (Glauber v G & G Quality Clothing, Inc., 134 AD3d 898, 898; see Revis v Schwartz, 192 AD3d at 142). "The agreement [to arbitrate] must be clear, explicit and unequivocal[,] and must not depend upon implication or subtlety" (Sutphin Retail One, LLC v Sutphin Airtrain Realty, LLC, 143 AD3d 972, 973 [internal quotation marks omitted]; see Glauber v G & G Quality Clothing, Inc., 134 AD3d at 898).
Here, it is undisputed that the plaintiffs, individually, did not enter into an agreement with Revel to arbitrate. However, the plaintiffs are the administrators of the decedent's estate, and the causes of action arise from the same incident that caused the decedent's death. The issue, therefore, turns on the nature of wrongful death causes of action and whether they are derivative of negligence causes of action or independent of negligence causes of action.
EPTL 5-4.1(1) provides, in pertinent part:
"The personal representative, duly appointed in this state or any other jurisdiction, of a decedent who is survived by distributees may maintain an action to recover damages for a wrongful act, neglect or default which caused the decedent's death against a person who would have been liable to the decedent by reason of such wrongful conduct if death had not ensued."
According to EPTL 4-1.1(a)(4), the parents of a decedent who dies without a spouse or children, like the decedent here, are the decedent's distributees.
The law of this State is clear that a wrongful death cause of action is a separate and distinct cause of action to redress the injuries suffered by a decedent's distributees as a result of the decedent's death. "'A cause of action to recover damages for wrongful death is a property right belonging solely to the distributees of the decedent and vests in them at the decedent's death'" (Carter v New York City Health & Hosps. Corp., 47 AD3d 661, 663, quoting DeLuca v Gallo, 287 AD2d 222, 225). This is true even where no cause of action alleging negligence exists. In McDaniel v Clarkstown Cent. School Dist. No. 1 (110 AD2d 349), the plaintiff's decedent was injured in a car accident in 1972 and died in 1979 from injuries related to that car accident. Because the accident occurred while New York was still applying the doctrine of contributory negligence, and because it had been determined the plaintiff's decedent was contributorily negligent, neither the plaintiff's decedent nor her estate had a cause of action alleging negligence (see id. at 349-350). However, this Court determined that a cause of action alleging wrongful death was not derivative of a negligence cause of action, but was an independent cause of action vested in the distributees. "These two causes of action—the surviving personal injury action and the wrongful death cause of action—are different in many respects. The two causes of action exist in order to protect the rights of different classes of persons, and the measure of damages is entirely different" (id. at 351). "Wrongful death actions are brought not to compensate the decedent or his [or her] estate for the pain and suffering attendant to the injury, but rather to recover, on behalf of decedent's distributees, the pecuniary value of the decedent's life" (id. at 351-352). Further, the different causes of action accrue at different times. A negligence cause of action accrues at the time of the injury, while a wrongful death cause of action does not accrue until the decedent's death, which can occur after the injury is sustained (see id. at 352).
Other states follow this reasoning. In Lucia v Bridge Senior Living, LLC (2024 WL 688521, 2024 Del Super LEXIS 113 [C.A. No. N22C-08-118 DJB]), the Delaware Superior Court addressed this exact issue and determined that a wrongful death cause of action asserted by the [*3]personal representative of an estate in his individual capacity was not subject to an arbitration clause that bound the decedent and the estate. Similarly, in Pisano v Extendicare Homes, Inc. (2013 PA Super 232, 77 A3d 651), the Superior Court of Pennsylvania also determined that a wrongful death claim was not derivative of a decedent's rights, but belonged to the individual who alleged it. The United States Court of Appeals for the Sixth Circuit affirmed an interpretation of Kentucky's law that a decedent had no legal rights in a wrongful death claim asserted by the personal representative of the estate, and thus, the personal representative was not bound by contracts entered into by the decedent (see Richmond Health Facilities v Nichols, 811 F3d 192 [6th Cir]).
This theory is not universal. Other courts have determined that wrongful death claims are derivative of a decedent's injuries, and the parties asserting wrongful death claims are subject to the arbitration agreements that bound the decedent (see GGNSC Admin. Servs. LLC v Schrader, 958 F3d 93 [1st Cir] [under Massachusetts law, a decedent's beneficiaries asserting wrongful death claims are subject to arbitration agreements that bound the decedent]; THI of New Mexico at Hobbs Ctr., LLC v Spradlin, 532 Fed Appx 813 [10th Cir] [under New Mexico law, a wrongful death action is a derivative action, and wrongful death plaintiffs are bound by the arbitration agreements entered into by the decedent]; Laizure v Avante at Leesburg, Inc., 109 So3d 752, 762 [Fla] ["[T]he nature of a wrongful death cause of action in Florida is derivative in the context of determining whether a decedent's estate and heirs are bound by the decedent's agreement to arbitrate"])[FN1].
Here, the wrongful death cause of action is independent of the negligence causes of action asserted on behalf of the decedent's estate. The plaintiffs, individually, never agreed to arbitrate any claims with Revel and now cannot be forced to do so.
The cases cited by the Revel defendants are inapposite. Both Wolf v Wahba (164 AD3d 1405) and Matter of Kalikow (58 AD3d 846) cite the rule, that is not being challenged here, that a decedent's representatives are subject to arbitration agreements entered into by the decedent. However, neither case involves an administrator claiming that they have a separate, independent cause of action that is, therefore, not subject to the agreement to arbitrate.
V. Whether the FAA Mandates that the Plaintiffs Arbitrate the Wrongful Death Cause of Action Insofar as Asserted Against the Revel Defendants
The FAA was enacted to combat judicial hostility toward arbitration (see Revis v Schwartz, 192 AD3d at 132-133). The intent of the act was to enforce privately made agreements to arbitrate disputes (see id. at 133). An arbitration clause contained in any contract that involves interstate commerce "shall be valid, irrevocable, and enforceable" (9 USC § 2). The FAA will preempt a state law that requires a dispute to be resolved by the courts despite the existence of a valid arbitration clause (see Revis v Schwartz, 192 AD3d at 133). Here, the FAA has no application. The initial inquiry remains whether there is a valid agreement to arbitrate (see id. at 134). Whether or not the decedent was taking part in interstate commerce when entering into the agreement with Revel, there is no valid, much less any, agreement to arbitrate between Revel and the plaintiffs.
VI. Conclusion
As the wrongful death cause of action is a separate, independent cause of action and is not derivative of the negligence causes of action asserted on behalf of the decedent's estate, the wrongful death cause of action insofar as asserted against the Revel defendants is not subject to the arbitration clause in the agreement entered into between the decedent and Revel.
Accordingly, the order is reversed insofar as appealed from, on the law, that branch of the plaintiffs' motion which was to stay arbitration of the cause of action alleging wrongful death insofar as asserted against the Revel defendants is granted, and that branch of the Revel defendants' cross-motion which was to compel arbitration of the cause of action alleging wrongful death insofar as asserted against them is denied.
DILLON, J.P., WOOTEN and TAYLOR, JJ., concur.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiffs' motion which was to stay arbitration of the cause of action alleging [*4]wrongful death insofar as asserted against the defendants Frank Reig, Paul Shuey, and Revel Transit, Inc., is granted, and that branch of those defendants' cross-motion which was to compel arbitration of the cause of action alleging wrongful death insofar as asserted against them is denied.
ENTER:
Darrell M. Joseph
Clerk of the Court

Footnotes

Footnote 1:Other states, including Colorado (see Allen v Pacheco, 71 P3d 375 [Colo]) and Virginia (see Bohlen v Capital Senior Living, Inc., 2020 WL13892579 [Va Cir Ct, No. CL19-2408]), have determined that while a wrongful death claim is an independent claim, the wrongful death plaintiffs are bound by the decedent's agreement to arbitrate.